ALICE E. RICH, Plaintiff, *v.* ADELBERT E. RICH, Defendant.

*Effect in the State of New York of a foreign judgment of divorce — liability of the husband for the support of a child given to the wife.*

If, in an action brought in the courts of a sister State by a husband against his wife to procure an absolute divorce, the husband being at that time an actual and *bona fide* resident of that State, the wife voluntarily appears in the action, the judgment is to be considered in all respects the same as if she had been a resident of such State at the time the judgment was granted, and is as binding upon her in the State of New York as in the State wherein the judgment was rendered.

Full faith and credit must be given in each State to the judicial proceedings of every other State, and such proceedings have the same effect in every court within the United States as they have by law or usage in the courts of the State in which they are taken.

Where, by a judgment of divorce rendered in a sister State, a wife was awarded costs and also given the custody of the infant child of the parties until he attained a certain age, and no allowance was made for the support and maintenance of such child, although the court might have made such a provision, such judgment is a bar to an action brought by the wife in the State of New York to recover from the husband an allowance for the support and maintenance of their child.

The case is regarded in the same way as if the judgment of divorce had been granted by the courts of the State of New York; the presumption is that every question involved in the action in which the judgment was rendered was passed upon by the court, and as the right of the wife to an allowance for the maintenance of the child was one of such questions, her claim for such allowance must be held to have been decided adversely to her.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*C. L. Allen,* for the plaintiff.

*Edwin A. King,* for the defendant.

PUTNAM, P. J.:

The legal questions submitted in this case are so well settled that we deem it unnecessary to write an opinion. The defendant, being an actual and *bona fide* resident of the State of Nebraska, in April, 1886, commenced an action against the plaintiff, his wife, for an absolute divorce in the District Court of Cass county in said State, a court of general and competent jurisdiction. The plaintiff then

resided in Washington county in this State. She voluntarily appeared by attorney in said action, served an answer therein and was sworn as a witness. The case was tried and judgment for an absolute divorce was granted in favor of the defendant and against plaintiff on the ground of desertion, in compliance with the laws of the State of Nebraska. No appeal has been taken from this judgment and it remains in force. It provided, among other things, that the marriage contract theretofore existing between the parties be, and the same was, dissolved, and that both parties were relieved from the obligation thereof. Plaintiff having voluntarily appeared in said action, the judgment is to be considered in all regards the same as if plaintiff, at the time it was granted, was a resident of Nebraska. · Hence, by the judgment of a court of general and competent jurisdiction, and having jurisdiction over the parties and subject-matter, an absolute divorce has been granted in pursuance of the laws of Nebraska to the defendant. That judgment is as binding upon the plaintiff in this State as in Nebraska. Full faith and credit must be given in each State to the judicial proceedings of every other State. Such proceedings have the same effect in every court within the United States as they have by law or usage in the courts of the State in which they are taken. (U. S. Const. art. 4, § 1; Act of Congress, May 26, 1790, 2d sess. chap. 11; U. S. R. S. 170, § 905. See, also, *Hunt* v. *Hunt*, 72 N. Y. 217; *Jones* v. *Jones*, 108 id. 415; *de Meli* v. *de Meli*, 120 id. 485–495; *Kinnier* v. *Kinnier*, 45 id. 535–539.)

It follows, in answer to the first question submitted, that the plaintiff, Alice E. Rich, is not the lawful wife of the defendant, Adelbert E. Rich.

In answer to the second question propounded, we are of the opinion that the plaintiff cannot recover of the defendant any sum for the past education, support and maintenance of the infant child of the parties. In the judgment granted in the District Court of Cass County, Nebraska, an allowance was made of $100 to the plaintiff for alimony, and she was also awarded costs. She was given the custody of the infant child of the parties until he attained the age of eight years. No allowance was made for his support and maintenance. The court could have made a provision for the maintenance of the child, but failed to do so. On the question under con-

sideration this case should be regarded the same as it would have been had the judgment of divorce been granted by the courts of this State. The law presumes that every question involved in the action in which the judgment was rendered — and the right of the plaintiff to an allowance for the maintenance of the child was one of those questions — was passed upon by the court, and that the claim for such maintenance was decided adversely to the plaintiff.

We think the judgment in the Nebraska court is a bar to plaintiff's claim. The principle declared in *Kamp* v. *Kamp* (59 N. Y. 212) prevents an allowance to plaintiff for the support and maintenance of the child of the parties.

Let a judgment be entered in pursuance of this memorandum and the stipulation of the parties, without costs.

HERRICK and FURSMAN, JJ., concurred.

Judgment for defendant as per opinion, without costs.