DOMESTIC RELATIONS COURT—BOROUGH OF BROOKLYN.

May, 1913.

# THE PEOPLE *ex rel* THERESA SORIANO v̇. JOSEPH SORIANO.

HUSBAND AND WIFE—SEPARATION—ALIMONY—WHEN IMPRISONMENT FOR NON PAYMENT OF, A BAR TO FURTHER PROCEEDING FOR NEGLECT TO SUPPORT CHILD.

Where, after a decree of separation has been entered between husband and wife and such decree provided for the payment by the husband and father of a certain amount of alimony for maintenance of the wife and child and the father failed in the payment of the alimony and suffered imprisonment therefor on proceedings for contempt of Court, such imprisonment is not a bar to further proceedings in the Domestic Relations Court of Brooklyn to compel such father to care for his children.

*Affirmed by Circuit Court, Dike J.*

*Mr. Martin Flanagan, Assistant Corporation Counsel,* for the People.

*Mr. Franklin Bien, Counsel for the Defendant.*

DOOLEY, MAGISTRATE:

The information filed herein alleges that the defendant

1. Abandons his minor child without adequate support.

2. Leaves his minor child in danger of becoming a burden on the public.

3. Neglects to provide according to his means for his minor child.

Annexed to said information is a requisition from Thomas L. Fogarty, Second Deputy Commissioner of Public Charities of the City of New York, addressed to the Magistrate of this Court, which states: " Edna, 5 years, abandoned by her father,

Joseph Soriano, and left a burden upon the public in the Borough of Brooklyn, New York City, or likely to become such, and he having neglected to provide for her  .  .  .   in accordance with his means, the undersigned, the Commissioner of Public Charities of the City of New York, hereby makes application to you to issue a warrant against the said Joseph Soriano, upon a complaint being made upon oath to you, pursuant to the statutes in such cases made and provided. (Signed)  Thomas L. Fogarty, Second Deputy Commissioner of Charities of the City of New York.  Dated, May 1, 1912."

The defendant comes into Court and files a certified copy of a judgment of separation and notice of entry in the Supreme Court, Kings County, under date of the 16th day of July, 1909, and which judgment, among other things, provided as follows:

" IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the care, custody and education of Edna Soriano, the issue of such marriage, is hereby awarded to the plaintiff, with leave to the defendant to visit said Edna Soriano from time to time at reasonable hours in the day time only, and not more frequently than once in each week, each visit shall not exceed more than two hours.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Joseph Soriano, pay to the plaintiff, Theresa Soriano, the sum of seven dollars ($7) per week during their joint lives, commencing from the date of the entry of this judgment for her support and maintenance, and for the support, maintenance and education of Edna Soriano."

It is conceded that the defendant, by reason of his neglect to comply with the provisions of said judgment in neglecting to pay over the amount ordered to be paid, suffered imprisonment for three months under an order adjudging him guilty of contempt in said action.

The defendant, upon the foregoing information and requisition of the Commissioner of Public Charities attached thereto, and the decree of separation above referred to, and his imprisonment by reason of being adjudged in contempt of court for his failure to obey the decree as regards the payments thereunder, asks for a dismissal of this information on the ground that the said child Edna was awarded to the custody of the mother by said decree and that his imprisonment, as aforesaid, is a bar to this proceeding, and cites the case of the People v. Cullen, 153 N. Y. 629, and Rich v. Rich, 86 Hun, 566, in support of said contention.

Our statutes in reference to neglect to support children provide:

> "Every person in the City of New York who actually abandons his wife or children without adequate support, or leaves them or either of them, in danger of becoming. a burden upon the public, or who neglects to provide for them, or either of them, according to his means. . . . is hereby declared a disorderly person."

It is further provided by Section 685 of said Charter that upon a complaint being made under oath to a Magistrate in the City of New York, he may issue a warrant for the arrest, or a summons for the appearance of said defendant, to answer said complaint before him;

> "And if thereupon it shall appear by confession of the defendant, or by competent testimony, that he is a disorderly person, said magistrate may make an order specifying a fair and reasonable sum of money, according to his financial ability, to be paid weekly for the space of one year thereafter by such defendant to the Commissioner of Public Charities for the support of his . . . . children, and may require him to give security by a written undertaking. . . . The wife and children, or either of them, are hereby declared to be the primary beneficiaries of the order, and evidence that they are without means shall be presumptive proof that they are liable to become a charge upon the public."

Section 686 provides that if the undertaking be not given, the defendant can be imprisoned for a term not exceeding six months in the Workhouse of the City of New York.

SECTION 482 OF THE PENAL LAW PROVIDES that a person who wilfully omits, without lawful excuse, to perform the duty imposed upon him by law to furnish food, clothing, shelter or medical attendance to a minor is guilty of a misdemeanor.

The case of the People v. Cullen (supra) was a proceeding brought by the wife against the defendant in a City Magis- trate's Court in the City of New York, and the said defend- ant was adjudged to be a disorderly person, in that he aban- doned his wife and left her in danger of becoming a charge upon the public. It appears that on the 15th day of October, 1883, in an action for separation from bed and board instituted by the wife in the Superior Court, judgment was entered upon her motion that the parties be separated from bed and board. The judgment made no provision for alimony and counsel fee. Judge O'Brien, writing the opinion of the Court, said; page 635:

> " The question is purely one of law, whether upon the undisputed facts presented by the record the defendant had abandoned or de- serted his wife within the fair meaning of the statute. . . . The statute under which the defendant was convicted evidently con- templates the actual existence of the marriage relation. After the judicial separation at the suit of the wife, the relation is so far terminated or suspended that the husband cannot be guilty of abandonment or desertion in any legal sense. The judgment operated to change the contract relations between the parties and required them to live apart from each other. . . . When a judicial separation from bed and board has once been pronounced, the com- mon-law obligation to support the wife, if not entirely abrogated, is greatly modified. . . . When the marriage bond is modified by a decree of separation, the legal obligation to support the wife in the sense that existed before ceased, and in its place was sub- stitute the power of the Court to appropriate some part of the prop- erty or earnings of the husband to that purpose, as justice might

require.   (p. 636.)  . . .  The statute was never intended to apply
to a case like this, where the obligations of the marital contract
have been modified by a decree of the Court . .  The marital duty
of the husband to support the wife always presupposes the fact
that they are living together as husband and wife. . .  When they
have been separated by the judgment of a court for the misconduct
of the husband, it is true that the obligation of the husband is not
wholly terminated. . . .  The statute in question cannot be made
to take the place of a decree.  It was not intended to apply to a
case where the wife had procured from a court of equity a read-
justment of her marriage relations. . . . Abandonment, in the sense
in which the term is used in the statute, means the actual and
willful desertion by the husband of the wife.  It is the willful act
of leaving her or separating from her, and the withdrawal of all
aid and protection implied in the marriage relation.

IF THE WIFE HERSELF PROCURES A SEPARATION, OR
CONSENTS TO IT, THE CASE DOES NOT COME WITHIN THE
STATUTE.   IT CANNOT BE THE RESULT OF AN AGREE-
MENT OR AFFECTED BY THE JUDGMENT OF A COURT.
BUT MUST BE WHAT IS KNOWN TO THE CRIMINAL LAW
AS WILLFUL AND VOLUNTARY DESERTION OR ABANDON-
MENT."  (Supra, p. 638.)

The case of Rich v. Rich, 88 Hun, 566, was an action brought
by the wife against the husband for the maintenance of a child.
It was a civil action and it was there held that by reason of the
fact that a judgment of divorce had been obtained by the plain-
tiff against the defendant in the State of Nebraska, which
awarded the custody of the child to the plaintiff and made no
provision for the child's maintenance, that in that case the
mother could not recover for the amount she had expended for
the maintenance and support of the child since the date of entry
of the decree of the Court in Nebraska.

That was purely a civil action and was between a former
wife and a former husband for moneys expended by the wife for
the support of the child, and the opinion of the General Term
relied upon and cited the case of Brow v. Brightman, 136 Mass.

187.   In speaking of this case, Bishop in his work on Marriage and Divorce, 2d Vol., Section 1223, says:

"We have one case (referring to the above) in which the court decided that because after the decree, the father had no right either to take the child or to support it himself, or to employ anyone else to support it, without the mother's consent, that he was not answerable for the necessaries furnished by a third person."

Bishop goes on to say:

"But it was his own wrong that deprived him of the custody. And it is fundamental, equally in our law and in natural reason, that no one can cast off an obligation by refusing to keep it, or any duty by an evil doing. Therefore, the better reasoned case holds that the duty of support is not to be thus evaded," citing 45 Ohio, 458.

I cannot find any case where it has been held that from the fact that the father was a defendant in a divorce action, and has neglected to pay the amount directed in a decree in said action for the maintenance of the wife and child, and has suffered imprisonment in proceedings for contempt for said neglect, *that he is thereafter absolved from his parental duty to support and maintain such child*, in a proceeding instituted to protect the State from the burden of support of said child.

The defendant maintains that by reason of the decree and imprisonment thereunder of the defendant as aforesaid, and under the authority of the People ex rel Curio v. Shea, 201 New York, 471, the defendant is so absolved.   The facts in that case grew out of an action for divorce therein, and the court held that under Section III of the Code of Civil Procedure a second imprisonment could not be had thereunder for contempt in failing to pay alimony directed to be paid by the decree in said action.

The children are no parties to the quarrels of their parents.

They lose no right thereby.   (Bishop on Marriage and Divorce, 2d Vol., Section 1210.)

The stipulation between the parents will not avail to release the defendant from his lawful obligation to support, maintain and educate his children.   (Connett v. Connett, 116 N. W. Reporter, 658.)

The natural duty is not to be evaded by the husband so conducting himself as to render it necessary to dissolve the bond of matrimony and give to the mother the custody of the infant offspring.   It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability. (Pritzinger v. Pritzinger, 45 Ohio, 458.)

It is true that leaving the child in proper care is not necessarily abandonment, for it may be compelled for a variety of sufficient reasons; but if after lawfully and for sufficient reasons, left his family and furnished money and arranged for their care and protection, a father wilfully and voluntarily discontinues all provision for them, and as a result his children are left in destitute circumstances, the statute is then violated, although at the time of the violation the parent was actually separated from his children.   (People v. Lewis, 132 A. D., 256, citing Brown v. State, 122 Georgia, 568.)

The duty of a parent to maintain his offspring until they attain the age of maturity is a perfect common law duty.   (Edwards v. Davis, 16 Johnson, 285.)

The statute making a person liable for wilfully omitting to perform the duty imposed upon him by law to furnish medical attendance for a minor, places the duty of furnishing such attendance upon the one whom the law imposes the obligation of caring for the minor.   (People v. Pierson, 176 N. Y., 201.)

To hold that a father is purged of all criminal liability in-

curred by reason of failure to support and maintain his infant children who are unable to maintain themselves, because he has suffered imprisonment for a civil contempt in refusing to obey a decree in an action for divorce, which directed him to pay alimony for the maintenance of his wife and children, is but to put a premium, to my mind, upon neglect and disobedience of parental obligation and duty.  I do not believe the Court ever intended to hold that a person who was imprisoned as aforesaid under an order for failure to obey a decree for the payment of alimony, and whose imprisonment could not exceed at most six months, was thereby absolved from the punishment that follows a father who is guilty of deserting his child under Section 481 of the Penal Law, violation whereof is made a felony and which provides for imprisonment in state's prison for seven years; or under Section 482 of the same law, which provides that one who wilfully omits, without lawful excuse, to perform the duty by law imposed upon him to furnish food, clothing, shelter or medical attendance to a minor, is guilty of a misdemeanor, and can therefor be punished with imprisonment for one year in the penitentiary and subjected to a fine of five hundred dollars, or both; or who neglects to support his child or children under the provisions of Section 685 of the Charter of the City of New York, and is therefore declared a disorderly person and of whom a bond can be exacted to secure the amount ordered by him so, to be paid; or, in default, he can be sent to the workhouse for six months.  If it be otherwise, the People of the State of New York can in no way protect themselves from a burden cast upon them by reason of being compelled to provide for the offspring of such a divorced husband and wife referred to above.

In Bowen v. State, 56 Ohio, 237, the defendant was charged with violation of 87 Ohio Laws, an act to prevent abandonment and pauperism, which provides that the father, or when charged

by law with the maintenance thereof, the mother, of a legitimate or illegitimate child or children under sixteen years of age, living in this State, who being able either by reason of having means, or by personal services, labor or learnings, shall neglect or refuse to provide such child or children with necessary and proper home, care, food, clothing, shall be deemed guilty of a misdemeanor, and punished as therein provided. The accused contended that he was not amenable to the law, because under an agreement of separation entered into by him and his wife, the latter was given the custody of the children for sufficient consideration, and agreed to maintain them without expense to him. By the Court:

> "The duty is primarily devolved upon the father to support his minor children out of his property, or by his labor. Revised Statutes, Section 3110. This is a duty which he owes to the State as well as to his children, and he has no more right to allow them to become public charges than he has to allow them to suffer for want of proper food and maintenance. The design of the statute, under which the plaintiff in error was prosecuted, was to enforce as far as practical, the fulfillment of the father's duty to the *public;* (underscoring ours) and it would obviously fail of its purpose if he could, by agreement with another relieve himself from responsibility for his omission to provide the support of his children which the statute requires; for he might contract with wholly irresponsible parties. . . . But the duty he owes the public of saving it from the expense of supporting his children is *personal* (underscoring ours) and continuing, and he cannot be affected by any agreement he may make with another. He must answed to the State for his omission of that duty."

To summarize,—

*First.* The decision in the case of the People v. Cullen, *supra,* is based upon the theory that the marital relations of the husband and wife in that case ceased by the decree of the Supreme Court and therefore there could not be any " actual and willful desertion by the husband of the wife, as is meant by

the statute," and " if the wife herself procures the separation, or consents to it, there can be no abandonment." A decree of divorce, unless it specifically so states, does not sunder the parental relation of father and child and therefore, in my opinion, the above decision in the case of the People v. Cullen does not apply.

*Second.* The case of Rich v. Rich was a civil action. The Court there held as between the parties, the custody of the child having been given to the mother by the decree of the Court in Nebraska, and no allowance having been made therein for the support of the child, recovery of the amount expended by the mother for such support would not lie. This decision is and I think must be limited to the civil liability of the father to the mother on the facts presented, and cannot be construed as a release from the penal liability cast upon the father by our penal statutes, or statutes of a criminal nature.

The argument of the defendant, reduced to its logical conclusion, would exempt a father who suffered imprisonment for contempt of court, in not obeying the decree of the court in a divorce suit ordering payment of alimony for the maintenance of his wife and children, from all future civil liability for the support of his children, no matter what might be his financial means, and from all criminal punishment for willful abandonment and neglect to support his children and for omitting to perform a duty imposed upon him by law to furnish food, clothing, shelter or medical attendance to his young children who were in want whereof and unable to procure the same from their own resources, though their father was of sufficient financial means to do so.

I can find no case which so holds in the books and no reasoning in the opinion of the judges which would lead me to that conclusion, and until I am advised to the contrary by higher judicial authority, I shall deem it my duty to follow the moral,

humane, and as I believe, the statute law, and hold that a father of sufficient financial means is bound to provide food, clothing, shelter and medical attendance for his minor children, and that he cannot abandon his minor child without adequate support, leave his minor child in danger of becoming a burden on the public or neglect to provide for his minor child according to his means, when by reason of his youth he is unable to provide or has not the means to provide such for himself, without bringing him (the father) within the purview of the statute above referred to.

The motion to dismiss is denied.

The decision of the Magistrate was affirmed by the County Court of Kings County, Jan. 7, 1913.

DIKE, J.:—People, etc. v. Soriano.—The defendant, Joseph Soriano, appeals from an order made on June 11, 1912, by a City Magistrate in the Borough of Brooklyn, New York City, adjudging the defendant a disorderly person and directing him to pay to the commissioner of charities of the City of New York the sum of $5 per week for the support of his minor child, Edna, aged 5 years, for a period of one year, and further directing him to furnish a bond in the sum of $260, and in default thereof that he be committed to the workhouse of the City of New York for a period of six months. The defendant-appellant seeks a reversal of the julgment upon the ground, *first*, that the conviction was against the weight of evidence; *second*, that the conviction was contrary to law; and *third*, urging a lack of jurisdiction on the part of the Domestic Relations Court and the judges thereof. The last point is of vital importance in this appeal, and inasmuch as the decision thereof will be of interest in the case of a number of other appeals, I

shall address myself more particularly to the discussion of this point. It appears that in July, 1908, a suit was instituted in the Supreme Court, Kings County, by Theresa Soriano, the wife of the defendant herein, to obtain a decree of separation from bed and board, and for the custody of the child and for the support and maintenance of said Plaintiff; that a separation was duly granted and the custody of the child duly awarded to the plaintiff, and the defendant was ordered in said decree to pay $7 per week for the support of the plaintiff and child. Failing to pay the amount accruing under the judgment, Soriano was thereupon declared to be in contempt of court and incarcerated in the County Jail of Kings County, where he remained for three months and was discharged. The custody of the child having been awarded to the mother by a decree of the Supreme Court, has there been therefore any abandonment of the child by the father such as to warrant the proceedings taken herein against him. Section 685 of the Charter of the City of New York is the provision of law essentially under observation on this appeal. It reads as follows: "Every person in the City of New York who actually abandons his wife or child without adequate support, or leave them or either of them in danger of becoming a burden upon the public, or who neglects to provide for them or either of them, according to his means  .  .  .  .  is hereby declared a disorderly person." The wife of Soriano had her day in Court and having received the benefit of the decree awarding her certain moneys for the support of herself and child, now finds that her husband, the defendant herein, has acquitted himself under said decree by his three months' incarceration (People, etc. v. Shea, 201 N. Y. 472). Because he has thus acquitted himself under said decree is he now entirely relieved from his obligation of supporting his child? The People, etc. v. Cullen (153 N. Y. 629) has been exhaustively discussed by counsel for the People and for the

defendant. In that case a proceeding was brought by the wife against her husband in a City Magistrate's Court in the City of New York, and the defendant was adjudged a disorderly person in that he abandoned his wife and left her in danger of becoming a public charge. Previous to these proceedings the wife had obtained a decree of separation. A part of the opinion in that case held as follows: "After the judicial separation at the suit of the wife the relation is so far terminated or suspended that the husband cannot be guilty of abandonment or desertion in any legal sense. The judgment operated to change the contract relations between the parties and required them to live apart from each other. . . . When a judicial decree of separation from bed and board has once been pronounced the common law obligation to support the wife if not entirely abrogated is greatly modified. But in the case at bar there is this pertinent and serious difference from the conditions existing in the case of the People, etc. v. Cullen (*supra*): Soriano has a child, Edna, aged 5 years. The law will not permit him by an imprisonment of three months under the decree of separation in the Supreme Court to be thus lightly relieved of the obligation that the State insists upon a father supporting his minor children. Even in the decree of the Supreme Court we find this provision: " With leave to the defendant to visit said Edna Soriano from time to time at reasonable hours in the day time only, and not more frequently than once in each week, etc." Thus the Court permitted him and now permits him to enjoy the privileges of visitation, of association and companionship with his child, whom he now says he is under no obligations to support. I cannot conceive the law of our land as even intending to deprive a child of its legal rights as a result of an agreement or proceeding between its parents. The Pertinent case of Rich v. Rich (88 Hun, 566) has been brought to my attention. Interesting points are raised in that case and many de-

cisions in other states are cited, notably the case of Brow v. Brightman (136 Mass., 187.) Bishop, in his work on Marriage and Divorce (2d col., sec. 1223) says: " But it was his own wrong that deprived him of the custody (the child). And it is fundamental equally in our law and in natural reason that no one can cast off an obligation by refusing to keep it, or any duty by an evil doing. Therefore the better reasoned case holds that the duty of support is not thus to be evaded." The learned counsel for the defendant herein has failed to urge upon my attention any case similar to the one under consideration, where the father is absolved from the duty of maintaining and supporting his child, and that he has a right to urge his freedom from all such obligation in a proceeding instituted to protect the State from the burden of supporting said child. The children are no parties to the quarrels of their parents. They lose no rights thereby. This thought has been well expressed in the case of Connett v. Connett (116 N. W. Rep., 658) wherein the court says: " The stipulation between the parents will not avail to release the defendant from his lawful obligation to support, maintain and educate his children." The learned magistrate who decided this case has very ably discussed many other cases of interest. I feel that he has come to a most just and proper decision. It seems to me to be clearly against the policy of our laws for a husband who has failed to obey certain portions of a judgment of the Supreme Court and who has suffered some slight imprisonment therefor to be therefore relieved of all burdens that the law imposes upon a father. However, indifferent the law may seem to be in its provisions relative to the relations husband and wife and the situations arising under decrees of separation or divorce, there is no ambiguity in the law as to the position of the State toward children of such a union. It is that care which is the strength of a nation that we find reflected in the laws which hold first the parents, and es-

pecially the father, to the serious obligation of maintaining and supporting their children, and when they fail assumes itself such a burden. I am convinced in this case that the judgment of conviction should be sustained.

This decision was affirmed by the Appellate Division, Second Department, May 16, 1913, without opinion, motion for leave to appeal to Court of Appeals being denied.