Florence J. Cowles, as Legal Custodian of Her Children, Mary Hayward Cowles and Harriet Virginia Cowles, Respondent, *v.* Edward S. Cowles, Appellant.

First Department, November 17, 1922.

Husband and wife — action by wife, legal custodian of children, to recover installments under New Hampshire divorce decree for benefit of children — second decree awarded exclusive custody and control of children to mother with visiting privilege in father — said decree appointed third person as legal custodian to receive installments — later decree appointed mother as legal custodian — part of installments sued for accrued while third person was legal custodian — said decrees were final under New Hampshire statute and entitled to full faith and credit — court acquired jurisdiction of all parties and had jurisdiction to make last decree — plaintiff entitled to recover installments accruing when third person was legal custodian.

In an action by the former wife of the defendant, as legal custodian of her children, against her former husband to recover the amount of payments accruing under a New Hampshire decree of divorce which payments were directed to be made for the support and maintenance of the minor children of the parties, it appeared that the parties and their children were domiciled in New Hampshire at the time of the commencement of the divorce action; that the original decree of divorce awarded the custody of the children jointly to the parties and provided that the jurisdiction of the parties as well as the children would be retained by the court and that the decree might be modified subsequently for good cause shown; that by a subsequent decree the custody of the children was awarded exclusively to the mother with permission to the father to have the children with him on certain conditions and said decree appointed a third person as the legal custodian of the children who was directed to visit the children and to receive from the defendant sixty dollars per month for the children's support, and that after the death of the legal custodian a further decree was made appointing the plaintiff sole custodian of the children.

*Held,* that section 18 of the Public Statutes of the State of New Hampshire, providing that in a divorce case the court may, upon proper application and notice to the adverse party, revise and modify any order made by it and may make such new orders as may be necessary, does not make the decree subject to retroactive modification, and so the decrees granted by the New Hampshire court were final decrees and entitled to full faith and credit in the State of New York under the Federal Constitution.

The right to receive the installments of money for the support and maintenance of the children became absolute and vested by the decree made and was not subject to retroactive modification, save for the inherent right of the court to undo any injustice unwittingly or fraudulently brought about by its own judgment.

The objection that the last decree, which appointed the plaintiff a legal custodian and which was granted without the appearance or answer of the defendant, was made without jurisdiction, is without merit, for the court admittedly had jurisdiction of the parties and the subject-matter of the action in the beginning, and it once having acquired such unlimited jurisdiction it continued to retain it until the final adjudication of the controversy.

The plaintiff is entitled to recover installments accruing while the third person was acting as legal custodian of the children. for the order appointing said custodian imposed on her neither right nor duty to disburse money received from the defendant nor incur liabilities, but she was simply a trustee to receive the money and to use it for the children's support by paying it over to the mother, and so she had no financial interest whatever in the payments and no interest in the money passed upon her death to her estate.

APPEAL by the defendant, Edward S. Cowles, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of January, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 4th day of January, 1922, denying defendant's motion for a new trial made upon the minutes.

*Franc & Becker* [*Alfred L. Becker* of counsel; *Maurice Smith* with him on the brief], for the appellant.

*Trowbridge & Fox* [*Alan Fox* of counsel; *Isaac B. Halpern* with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff, the former wife of defendant, as legal custodian of her children, brought this action against defendant, her former husband, to recover the sum of $2,040, being the amount of accrued payments of $60 per month since April 1, 1918, due under a decree of the Supreme Court of Rockingham county, N. H., in an action for a divorce between the parties, such payments being directed to be made for the support and maintenance of the minor children of the parties.

The facts were stipulated, and so far as material are as follows:

The original matrimonial domicile of plaintiff and defendant, prior to their separation and to the commencement of the divorce action brought by plaintiff, was in the State of New Hampshire, which was also the domicile of their issue, Mary and Harriet Cowles.

Plaintiff having commenced an action for a divorce against defendant in the Superior Court of Rockingham county, N. H., a decree was rendered at the April, 1915, term thereof giving plaintiff an absolute divorce upon the ground of cruelty, the charges of infidelity being withdrawn by amendment of the pleadings. The two children were adjudged to remain in the custody of the plaintiff and defendant jointly, each to have their custody for a period of six months for three years, at the end of which time " upon the petition of either party a further order of the Court will be made respecting the custody of the children." Detailed provision was made for the custody, and while with the mother the children were to remain in the State of Massachusetts; while

with the father in the State of New Hampshire. The decree recites that the arrangement has been agreed to by the parties and approved by the court, and concludes: " It is the intention of the court that jurisdiction of the parties as well as the children is retained by this court, and this order in any of its particulars may be modified at any time upon petition for good cause shown." All parties were before the court on this decree and no question is now raised as to the jurisdiction of the court to make the decree or as to the validity thereof.

Since January, 1917, defendant has been continuously a resident of New York State, and since April, 1917, plaintiff and her daughters have resided continuously in the State of Massachusetts.

Disputes having arisen in respect to the joint custody of the children, cross petitions were presented to the said Superior Court of Rockingham county for the exclusive custody of the children. The mother filed her petition on May 15, 1917, the father on July 12, 1917, with an amendment thereto filed December 31, 1917. A decree was made by said court as of the October term, 1917, after a hearing reciting the original decree and the various proceedings theretofore had in reference to the custody of the children and awarding the exclusive custody, care and education of the children to their mother, with permission to the father to have the children with him upon certain conditions. The court further adjudged: " The complete enmity between the parents makes it doubtful if the mother would act in a proper spirit in having the children visit and in letting them be visited by the father on suitable occasions, as hereinafter provided. It is therefore found that a third person should be appointed as the legal custodian of the children, and Elizabeth Brewer Wells, of Boston, in the County of Suffolk and Commonwealth of Massachusetts (Mrs. Wellington Wells, 171 Bay State Road, Boston, Mass.) is hereby so appointed.

" Such custodian shall with suitable frequency visit the children and keep informed as to their well-being, home life, influences and surroundings, reporting to the Court anything affecting their welfare adversely."

It was further decreed that " The father commencing on April 1, 1918, shall pay to the custodian the sum of sixty dollars monthly, to be used by the custodian towards the children's support and maintenance," and that " the custodian's exercise of judgment shall be subject to review by the court on application of either party."

No question is raised at this time as to the jurisdiction of the court to make this second decree.

Mrs. Elizabeth Brewer Wells, the legal custodian appointed

by the court, died in the Commonwealth of Massachusetts in June, 1919.

Thereafter, in September, 1919, plaintiff presented her petition to the said Superior Court, Rockingham county, setting forth the death of Mrs. Wells and asking that she be appointed to succeed as legal custodian of her two children. An order was made by the court directing that defendant show cause on the third Tuesday in October why the petition should not be granted, and directing service of a copy thereof on defendant at least fourteen days prior thereto.

Copies of the petition and order were served on defendant on October 1, 1919, at the city of New York. Defendant did not appear or answer the petition.

At the October, 1919, term of the Superior Court a third decree was made modifying the decree of October, 1917, by appointing plaintiff as sole custodian of the minor children of the parties, Mary and Harriet Cowles.

Defendant not having made any of the weekly payments provided by the decree for the support and maintenance of his children, either to Mrs. Wells or to the plaintiff, this action was brought to recover the total amount then unpaid. A verdict was directed in favor of plaintiff in the full amount sued for, and a motion for a new trial was denied.

Defendant contests his liability herein upon three grounds:

1. That the three decrees in question are not final decrees, but subject to retroactive modification at any time by the court which rendered them and, therefore, are not entitled to full faith and credit in the State of New York under the Federal Constitution (Art. 4, § 1).

2. That the decree of October, 1919, was rendered without jurisdiction of the defendant or of the children.

3. That plaintiff is not entitled to recover installments under the decree of October, 1917, payable to the former custodian, now deceased, any right of action having vested in the personal representatives of such former custodian.

Upon the first proposition appellant relies upon the provisions of the Public Statutes of the State of New Hampshire (Chap. 175) in effect through various revisions since 1842, as follows:

" Sect. 13. In all cases where there shall be a decree of divorce or nullity, the court shall make such further decree in relation to the maintenance, education, and custody of the children as shall be most conducive to their benefit, and may order a reasonable provision for their support to be made by the guilty party, or out of his estate.

" Sect. 14. Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just; and may compel the husband to disclose, under oath, the situation of his property; and, before or after the decree, may make such orders and use such process as may be necessary.   *   *   *

" Sect. 18. The court, upon proper application and notice to the adverse party, may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require."

It is appellant's contention that decrees or orders made under these provisions are not final, but are subject to retroactive modification, and, therefore, are not entitled to full faith and credit in this State. But the cases decided in the State of New Hampshire do not support the appellant's contention, nor is he able to refer to any case there decided where a power was exercised of interfering with a prior decree by increasing retroactively the amount of alimony theretofore awarded.

Thus in *Wallace* v. *Wallace* (74 N. H. 256), principally relied upon by appellant, the court was asked to revise and modify a decree awarding alimony of $6,000, based upon an agreement in writing between the parties, whereby the wife agreed to accept that sum in payment of all claim for alimony, present and prospective. The court referred to the fact that defendant in that case conceded that the court had supervisory authority to ascertain whether the agreement was properly made and free from collusion or any unfairness; that the court was not bound by any agreement as to alimony, and if the amount was not considered sufficient an additional allowance might be made. The opinion also calls attention to the fact that the decree did not incorporate the part of the agreement precluding the plaintiff from applying for further alimony. Citing section 18, it held that an order respecting alimony might be re-examined and revised in the interests of justice. The matter was, therefore, remitted for a hearing to determine the reasonableness and effect of the agreement. For it was evidently necessary to ascertain whether in fact it was so fair and equitable as to warrant its adoption and approval by the court, which had not exercised its own discretion in the matter, but simply adopted the terms of the agreement between the parties.

In *Mullin* v. *Mullin* (60 N. H. 16), cited in the *Wallace* case, the court, on good cause shown, directed the restitution of alimony already collected by the wife from her husband under a decree of divorce. But this was based directly upon the general inherent

power of courts to set aside, vacate, modify or amend their judgment, for good cause shown, and in its opinion the court referred to the common-law procedure in cases of restitution as laid down in *O'Gara* v. *Kearney* (77 N. Y. 423). Section 18 of the New Hampshire statute was not relied on at all, and *O'Gara* v. *Kearney* dealt with a direction for the restitution of money paid under a judgment afterwards reversed.

Consideration of the other cases from New Hampshire, particularly those cited in the *Wallace Case (supra)*, does not change the conclusion that none of these decisions so interprets the scope of section 18 of the New Hampshire statute as to bring it within the class of statutes permitting retroactive interference with a prior decree of the court, as dealt with in *Sistare* v. *Sistare* (218 U. S. 1). The right to receive the installments of money for the support and maintenance of the children became absolute and vested by the decree made, and was not subject to retroactive modification, save for the inherent right of the court to undo any injustice unwittingly or fraudulently brought about by its own judgment.

Our own Civil Practice Act contains section 1159, providing for the modification of the final judgment of divorce in favor of a wife, upon proof of her subsequent remarriage, by annulling the provision of the judgment decreeing her alimony; and section 1170 permits the court, after final judgment, to annul, vary or modify the directions contained therein, or to insert direction as to the custody, care, education and maintenance of children, as justice may require. Yet these provisions would no more destroy the final character of the judgment theretofore rendered than would the provisions of section 1771 of the Code of Civil Procedure, from which they were derived, and which were not found to destroy the character of the judgment as entitled to full faith and credit. (*Sistare* v. *Sistare, supra.*)

In *Van Horn* v. *Van Horn* (196 App. Div. 472) plaintiff brought an action in this State upon a Nevada decree of divorce to recover accrued installments of alimony. The decree contained the following provision: "An application may be made by either the plaintiff or the defendant herein, upon such notice to the other party as the court may prescribe, for such modification or annulment of the provisions of this decree touching upon the support of the plaintiff, and the support and custody of said children, as may be just." Mr. Justice LAUGHLIN said (at pp. 479, 480): "The provisions of the Nevada decree reserving to the court the power to modify or annul the provisions thereof with respect to the support of the plaintiff or the children are in substance the same as the provisions of section

1771 of the Code of Civil Procedure, as such section existed in 1899, which were construed by the Supreme Court of the United States in *Sistare* v. *Sistare* (218 U. S. 1), as not reserving to the court the power to modify a decree with respect to *accrued* alimony; and in that case it was held that an action might be maintained in a sister State on such a decree for the recovery of accrued alimony, and that the full faith and credit clause of the Federal Constitution (Art. 4, § 1) was applicable thereto and rendered it the duty of the court of the sister State to enforce payment. The authority of courts over divorce actions and to award alimony and support for children is not inherent but is derived from statutory law (*Lynde* v. *Lynde*, 41 App. Div. 280; affd., 162 N. Y. 405; 181 U. S. 183), and, therefore, a divorce decree, such as the Nevada decree, reserving to the court authority on application on due notice to modify the provisions with respect to alimony and the support of the children, should not be construed as reserving to the court greater authority than would be so reserved by a statute to the same effect; since, as was held in *Sistare* v. *Sistare* (*supra*), a statute to that effect should be construed as authorizing a modification with respect to payments required to be made after the application to the court and not as authorizing a change with respect to payments which have theretofore accrued — such a decree should be likewise construed as final with respect to alimony accrued thereunder before modification."

As to the second objection urged, the New Hampshire court admittedly had jurisdiction of the parties and the subject-matter of the action and once it acquired such unlimited jurisdiction it continued to retain it until the final adjudication of the controversy. The third decree made no change in the status of the children; it simply appointed a successor to a deceased legal custodian.

As to the third objection, there is no proof of any special rights or duties vested in a " legal custodian " under the laws of New Hampshire. Under the terms of the second decree, the care, custody and education of the children were vested exclusively in their mother, with whom they were to make their home. The decree recites the reason for the appointment of the custodian — the doubt whether the mother would act in a proper spirit in having the children visit and be visited by their father as permitted by the decree. Therefore, a third person was made custodian, to visit the children with suitable frequency, to keep informed as to their well-being, home life, influence and surroundings, and to report to the court any adverse conditions found. This imposed on the custodian neither right nor duty to disburse money nor to incur liabilities. She was simply a trustee to receive defendant's monthly payments of sixty dollars, and to use them for the children's support

and maintenance by paying the same over to their mother, in whose home and under whose care they were to live and under whose sole direction they were to be educated. The custodian had no financial interest whatever in the payments and was merely the conduit through which defendant's payments were to reach the plaintiff. She had no personal interest in the fund during her life and no interest therein passed upon her death to her estate.

The judgment and order appealed from should be affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order affirmed, with costs.