BYRD SHOEMAKER LAUMEIER, Appellant, *v.* HERMAN H. LAUMEIER, Respondent.

First Department, July 6, 1923.

**Husband and wife — action by wife against divorced husband to recover money expended for support of child born after divorce — divorce was granted in Missouri — no adjudication with reference to issue of marriage — Missouri decree not res judicata on question whether defendant is father of child — Missouri court had jurisdiction of parties and all matters incidental to divorce action — jurisdiction of courts of this State excluded under U. S. Const. art. 4, § 1 — plaintiff must proceed in Missouri to have decree modified though both plaintiff and child are residents of New York.**

In an action by a wife to recover from her divorced husband money expended by her in the support, education and maintenance of a child born after the divorce was granted, it appeared that the parties were married in July, 1918; that the divorce was granted in Missouri, where the parties then resided, in July, 1919; that the child was born in December, 1919; that the plaintiff alleged in her petition for divorce that the defendant left her one week after the marriage but that he visited her occasionally for a short time thereafter; that the Missouri decree makes no adjudication with reference to the issue of the marriage and that the plaintiff alleged in this action that as a matter of fact the parties lived and cohabited together as husband and wife until the granting of the divorce decree in Missouri.

*Held*, that the Missouri decree is not binding on the plaintiff to the effect that the defendant is not the father of plaintiff's child since the Missouri court did not pass on the question of the issue of the marriage.

However, the Missouri court in the divorce action obtained jurisdiction of the parties and of all matters incidental to that action and retains such jurisdiction to the exclusion of the courts of this State, and under the full faith and credit clause of the United States Constitution (Art. 4, § 1) the courts of this State are bound to recognize proceedings in the courts of Missouri.

The Missouri court, having retained jurisdiction of the divorce action, possesses undoubted authority to modify its decree with reference to the care, custody and maintenance of the lawful issue of such marriage, and even though the

plaintiff and her child removed from the State of Missouri and are now residents of the State of New York, the plaintiff's remedy is to apply to the Missouri court for a modification of the decree of divorce so as to provide for the after-born child, and in that proceeding the question whether the defendant is the father of plaintiff's child may be determined.

APPEAL by the plaintiff, Byrd Shoemaker Laumeier, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of December, 1922, granting defendant's motion under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that there is an existing final judgment or decree of a court of competent jurisdiction, rendered on the merits, determining the same cause of action between the parties, and also an appeal from the judgment entered in said clerk's office on the 8th day of January, 1923, pursuant to said order.

*Ewing, Alley & Voorhees* [*Caruthers Ewing* of counsel], for the appellant.

*Dudley Dupignac,* for the respondent.

MERRELL, J.:

The action is brought by the plaintiff, Byrd Shoemaker Laumeier, against Herman H. Laumeier to recover the sum of $5,000 which the plaintiff alleges she expended in the necessary support, education and maintenance of Herman H. Laumeier, Jr., who, she alleges in her complaint, is the son of the plaintiff and the defendant, and in medical expenses paid by plaintiff incident to the birth of said child and to its well being since its birth. In her complaint the plaintiff alleges that in July, 1919, in St. Louis, in the State of Missouri, the plaintiff obtained a divorce from the defendant and accepted and received for her own support and maintenance and for no other person's support and maintenance a sum of money which by contract was settled as satisfactory. The plaintiff further alleges that at the time of her divorce from the defendant she had reason to believe, although there was some doubt of the fact, that she was then pregnant, and that thereafter and on December 9, 1919, the said son was born as the result of the marriage of the parties, and that the defendant has failed and neglected to make any provision for the support of said child; that as the result of said failure the plaintiff since the birth of said child expended the sum aforesaid. Personal service of the summons and complaint herein was made upon the defendant at the city of New York. The alleged child of the parties was born at the city of St. Louis, Mo., but at the time of the commencement of the action and for some years prior thereto both the plaintiff

and her said son were domiciled residents of the State of New
York. The order appealed from dismissed the complaint and
directed entry of judgment in defendant's favor thereon. Sub-
sequently and on January 8, 1923, judgment was entered dis-
missing the complaint, with costs. By stipulation of the parties
the plaintiff's appeal to this court includes an appeal from said
judgment dismissing the complaint.

The record on appeal discloses that the parties were married
at Salem, in the State of Illinois, on the 8th day of July, 1918. On
June 6, 1919, the plaintiff instituted in the Circuit Court of the
city of St. Louis, in the State of Missouri, where the parties then
resided, an action for absolute divorce by reason of the misconduct
and abandonment of the plaintiff by the defendant. The defendant
appeared in said action and answered the plaintiff's petition and
on June 12, 1919, the decree of the Circuit Court of the city of
St. Louis was entered granting the plaintiff the relief prayed for
by her in her petition, and ordered, adjudged and decreed that
the plaintiff be absolutely and forever divorced from the bonds
of matrimony existing between her and the said defendant, and
that she be restored to all the rights and privileges of an unmarried
person, and that her maiden name of Byrd Shoemaker be restored
to her. In her petition for divorce filed with the Circuit Court
of the city of St. Louis, Mo., on June 6, 1919, the plaintiff alleges
and states that she was lawfully married to the defendant on July
8, 1918, and " that the plaintiff continued to live with the defendant
as his wife from and after the day and year aforesaid until on or
about the 15th day of July, 1918; " and that " after marrying
plaintiff, defendant refused to provide a home for her and told
plaintiff he never intended to provide a home for her, though
defendant was well able to do so, and thereupon defendant continued
to live with his parents and only would visit plaintiff occasionally,
and in a short time thereafter his visits practically ceased." After
alleging various acts of misconduct on the part of the defendant
toward the plaintiff and defendant's failure and refusal to support
plaintiff, the petition alleges: " Plaintiff states there were no
children born of this marriage." The decree of divorce entered
in the Circuit Court of the city of St. Louis, Mo., upon the petition
and answer in said action makes no adjudication with reference
to issue of the said marriage. It is now the contention of the
plaintiff herein, as alleged and set forth in the complaint, that
she at the time of the granting of said decree was pregnant of
child by the defendant, but that her condition of pregnancy at
the time was in doubt, and that subsequently and on December 9,
1919, the plaintiff was delivered of a son who was the child of

the defendant.   In the affidavit of the plaintiff, filed in opposition to defendant's motion to dismiss the complaint, it is suggested that at the time of procuring her decree of divorce in Missouri, and for the purpose of preserving defendant's financial welfare, the true relationship between the parties was concealed and that the averments of the petition as to the past life and marital relationship of the parties were in fact untrue, and that in fact and in truth, following the marriage of the parties in July, 1918, until the time of the granting of the decree of divorce, the parties had in fact lived and cohabited together as husband and wife.

The learned trial court in granting the order appealed from held that the Missouri decree was a binding adjudication as between the parties; that the defendant is not the father of said child, and that if under the circumstances the plaintiff had any action at all it should be preceded by a modification of the Missouri decree at the foot thereof or in such other manner as might be proper under the Missouri practice.   I am of the opinion that the learned court at Special Term was in error as to the binding force of the Missouri decree upon this court upon the issues presentable in the present action.   Had the Missouri decree of divorce contained an adjudication that there was no issue of the marriage of the parties, existing or prospective, there might be some force in the respondent's contention that said decree as entered constituted an obstacle to the prosecution of the present action.   The Missouri decree contained no adjudication with reference to the issue of said marriage.   It was not *res judicata* as to any issues except those directly involved by the pleadings in said action.   The question of issue of the parties was not involved.   It is the contention of the respondent and the learned court at Special Term held that said decree in the Missouri action was a binding adjudication that the defendant is not the father of this child.   As that question was not in issue in the Missouri action, we must dissent from the conclusion of the Special Term in that respect.

We are of the opinion, however, that defendant's motion was properly granted by the Special Term for the reason that the Missouri court, in the action brought by the plaintiff against the defendant for a divorce, obtained jurisdiction of the parties and of all matters incidental to that action, and that having once obtained jurisdiction of the parties and of the subject-matter, the Missouri court retains such jurisdiction to the exclusion of the courts of other States.   Under the full faith and credit clause of the Federal Constitution (Art. 4, § 1) the courts of this State are bound to recognize proceedings in the courts of any sister State.   While in her petition in the Missouri action the plaintiff

alleged that there was no issue of the marriage, such allegation we do not deem conclusive if, in fact, a child was subsequently born of the marriage there sought to be dissolved. Jurisdiction of the parties in the Missouri divorce action carried with it the incidental power of the Missouri court to award the custody and provide for the welfare and support of the children of the parties, born and unborn. (*Matter of Morgan*, 117 Mo. 249, 255; *Stetson* v. *Stetson*, 80 Maine, 483.) Having obtained jurisdiction of the parties and of the subject-matter of the litigation, the Missouri court retained the jurisdiction thus obtained and possesses undoubted authority to modify its decree divorcing the parties therein with reference to the care, custody and maintenance of the lawful issue of such marriage. Even though the plaintiff and child removed from the State of Missouri and became domiciled residents of the State of New York, the Missouri court, having once obtained jurisdiction, did not lose it by such change of residence of the mother and child. In *Stetson* v. *Stetson* (80 Maine, 483), it was said (at p. 485): "But even though it [the removal of the child from the State] may be so, the child is not removed from the jurisdiction of the court. That has already attached. The decree is a conditional one, subject to modification and change. The mother takes the child subject to that condition. On any proper process for a change she is bound, wherever she may be, to take notice, and though she may not personally be within the jurisdiction of the court, the subject matter is, so that the judgment of the court will be valid and binding upon her, and by the provisions of the Constitution of the United States may be enforced against her, though in another State."

And in *Meredith* v. *Krauthoff* (191 Mo. App. 149) the Kansas City Court of Appeals of Missouri said (at p. 187): "So that a removal of the child to Washington City is not a taking of the child beyond the jurisdiction of the court in the sense that the court would thereby lose jurisdiction to change its order in the future should subsequent events require it. The jurisdiction of the court over the child will not be ousted thereby. [Citing authorities.]"

The law of Missouri permits the modification of a decree of divorce and under the law and practice of that State there can be no question as to the power of the court to modify the decree of divorce between the parties hereto so as to provide for an after-born child, if there be such. The issue as to whether or not the child of the plaintiff, for whose support she now seeks reimbursement, is the legitimate child of the defendant is a matter properly determinable by the Missouri court. With reference to

the authority of that court under the statutory law of Missouri to modify its decree, the St. Louis Court of Appeals of Missouri, in *Wald* v. *Wald* (168 Mo. App. 377, 383), said: " There can be no doubt that, under this statute [§ 2381, R. S. 1909],* the court granting the divorce retains jurisdiction as to the modification of the judgment or decree touching the maintenance of the wife and the custody of the children. These matters may be brought to the attention of the court by motion in the original cause, as here, at a subsequent term, for the proceeding is but a continuation of the original jurisdiction concerning the custody of the children. (See *Cole* v. *Cole,* 89 Mo. App. 228; *Meyers* v. *Meyers,* 91 Mo. App. 151.) "

In *Shannon* v. *Shannon* (97 Mo. App. 119) the Kansas City Court of Appeals of Missouri said (at p. 126): " We are satisfied that the weight of authority and reason is that the court in which the decree of divorce was granted has the power at a subsequent term, by motion or by supplemental bill, to open the decree as to the minor children of the parties to the suit, and to make suitable orders for their care, custody and maintenance. The policy of the law is to protect the progeny of unfortunate marriages, and while such is the case, great care should be exercised by the courts in so doing, to do no injustice to either parent and to as far as possible make such orders as will not impose a burden upon either not in harmony with justice and good conscience."

In the case of *Cowles* v. *Cowles* (203 App. Div. 405) this court, as recently as November, 1922, held that the court of the State of New Hampshire, having obtained jurisdiction of the parties to the action, retained such jurisdiction for the purpose of modifying a decree entered by the court of that State appointing a successor to a deceased legal custodian of the minor children of the parties. In that case, after the entry of the decree the defendant left the State of New Hampshire and took up his residence in the State of New York. Action was brought against him by the legal custodian of the children of the New Hampshire marriage to recover the amount of accrued payments which the defendant was directed to pay by the decree of divorce. Plaintiff was appointed custodian of the children of the marriage through a modification of the New Hampshire decree made after the defendant had taken up his residence in the State of New York. Among other defenses which he interposed was that the modification of the decree was made by the New Hampshire court without jurisdiction of the defendant or of the children. Mr. Justice DOWLING, writing for a unanimous court, with reference to such defense, said:

---

*Now Mo. R. S. 1919, § 1812.— [REP.

" As to the second objection urged, the New Hampshire court admittedly had jurisdiction of the parties and the subject-matter of the action and once it acquired such unlimited jurisdiction it continued to retain it until the final adjudication of the controversy."

We are of the opinion that the learned court at Special Term properly dismissed the plaintiff's complaint, but that such dismissal was upon the erroneous theory that the decree in the Missouri action was *res adjudicata* as to the defendant being the father of the plaintiff's child. The order appealed from was right and should be affirmed, without costs, upon the ground that the Missouri action is a bar to the present action, and that having obtained jurisdiction of the parties the question as to the parentage of the after-born child should be determined in the Missouri action, and if it be found that the defendant is the father of said child, that court may then make proper provisions with reference to its maintenance and support.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Order affirmed, without costs.