FANNIE TAFFIT, Appellant-Respondent *v.* JOSEPH TAFFIT, Respondent-Appellant.

Supreme Court. Appellate Term, First Department, April 22, 1937.

*Francis J. Mangravite,* for the plaintiff-appellant.

*Rubin Roth,* for the defendant-appellant.

HAMMER, J. Action by wife against husband to recover for necessaries supplied to their minor child.

The complaint alleges that on or about June 12, 1934, plaintiff obtained a decree of separation from the defendant, that the court awarded her the custody of the eighteen-year-old son of the parties, but made no provision for the support of the minor; that the plaintiff has maintained, supported and educated the son since the date of the decree, and that the father abandoned the son and neglected to make any provision for his support. Judgment is asked in the

sum of $875 for moneys spent by plaintiff for support and maintenance.

Each of the parties moved for summary judgment, and each motion was denied.

Defendant claims that the decree provides for the minor. The decree contains the recital that defendant conceded the existence of and admitted the allegations of the plaintiff's cause of action, except as to the allegations pertaining to future support and maintenance of the plaintiff, and adjudges that the parties be separated, that plaintiff have the custody and care of the infant, and that defendant pay to plaintiff eleven dollars a week " for her maintenance and support and as permanent alimony." In the absence of further adjudication or relevant statement I do not think that the decree provides for the maintenance of the infant.

Defendant further contends that the sole remedy of the plaintiff is by recourse, under section 1170 of the Civil Practice Act, to the Supreme Court, which granted the decree of separation.

In *Laumeier* v. *Laumeier* (206 App. Div. 246) plaintiff, who had obtained a decree of divorce in Missouri, brought suit to recover moneys spent for the support of an alleged child of the marriage, born after the date of the decree, and the action was dismissed on the ground that relief could only be obtained by a modification of the decree of the divorce court, which had exclusive jurisdiction. Our highest court (237 N. Y. 357) reversed the judgment below on the theory of the case of *DeBrauwere* v. *DeBrauwere* (203 N. Y. 460) " that the common-law disability of the wife to sue the husband having been removed, a wife who has applied her separate estate to the purpose (*sic*) of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation." In arriving at its decision the court cited with apparent approval decisions of the courts of sister States that a mother procuring a decree of divorce containing no provision for the issue of the marriage is not required to apply to the court which has awarded the decree for reimbursement for maintenance of the infant, but may prosecute an action against the father to recover sums spent for necessaries. The court further said that a modification of the decree would speak for the future and not for the past; that there was a period during which the child had to be supported, which period extended to the bringing of the action; that nothing which the court might do could constitutionally wipe out an obligation existing in favor of a stranger against the father for the support of his child, and that such obligation exists in favor of the wife when she has incurred the expense which he should have met.

As I read the opinion the doctrine of the *Laumeier* case is as applicable to a domestic as to a foreign divorce.

While a modification of its decree by the Supreme Court would look to the future, an action to recover moneys to discharge the father's obligation is based upon his past defaults which have no relation to the decree, where as here the decree makes no provision for the support of the child; and in such action either party would doubtless be entitled to a jury trial. Of course the Supreme Court has exclusive jurisdiction in any proceeding by which it is sought to amend or modify the decree, but it seems to me that upon the facts before us any other court of competent jurisdiction may determine the rights of the parties.

In *Morris* v. *Birmingham* (142 Misc. 628), wherein it appears that the matrimonial domicile was in New York, plaintiff, desiring a divorce, went to Nevada and brought her action there. Defendant appeared therein and the court had complete jurisdiction and rendered its decree of divorce, which incorporated a prior separation agreement and entitled plaintiff to receive forty dollars a month for the support of herself and children until she remarried or died. Shortly thereafter the wife remarried and the husband ceased all payments to her. This court held that the Municipal Court had jurisdiction of an action by the wife to recover moneys expended by her out of her own estate for the support of the children of the marriage after her remarriage. If such a recovery be permissible in the case of a plaintiff who leaves this State for the sole purpose of obtaining a divorce, I see no reason why a party who obtains a decree of separation in conformity with the laws of this State should be barred, on the theory that the Supreme Court alone has jurisdiction, from enforcing the obligation of the father in a common-law action. (See *Manice* v. *Randolph*, 221 App. Div. 570.)

However, there are no facts stated in plaintiff's affidavit showing that prior to this action the plaintiff ever made any demand upon her husband to pay for the support of the minor, or for reimbursement for any of the sums included in her claim, and as between the parties she could waive her right to reimbursement. Indeed from the form of the decree it might be well argued that she had taken over to herself the support of the child from the husband, in which event the doctrine of the *DeBrauwere* case might be inapplicable. For this reason I think the plaintiff's motion for summary judgment was properly denied.

As to defendant's motion for summary judgment. If I am right in thinking that the decree made no provision for the child and that the court below had jurisdiction, it follows that defendant's motion was properly denied.

Since the above was written the opinion of the Court of Appeals in *Swanton* v. *Curley* (273 N. Y. 325) has been published. In that case the wife had obtained a divorce from the husband in this State, and the decree provided that " at all times the defendant shall properly maintain, educate and support the said children, the amount necessary for that purpose being left to the discretion of the defendant." The court held that notwithstanding the provision for the support of the children contained in the decree the wife, claiming non-performance of the father's obligation, was not required to resort to section 1170 *et seq.* of the Civil Practice Act; that plaintiff's remedy was not limited to a modification of the decree or to a proceeding for contempt; and that an action could be brought to recover the moneys claimed to be due under the decree. It would seem that where the decree makes no provision for the child, as here, a stronger case is presented for the maintenance of an action in a court of competent jurisdiction to recover from the father for the past support of the child.

Orders affirmed.

FRANKENTHALER, J., concurs; LYDON, J., dissents.

LYDON, J. (dissenting). The judgment of separation gave the custody of the child to the wife and awarded her permanent alimony. In making that award the duty of the court to take into consideration the expense of maintaining the child was too plain to be overlooked and it cannot be assumed that it was ignored. If for any reason the award of alimony was found inadequate the court which made the decree was expressly given unrestricted power to modify or amend it at any time. Indeed even though provision for the support of the child had been entirely omitted the court was given the power to supply the omission by amendment. (Civ. Prac. Act, § 1170.)

The cases cited in the prevailing opinion from the reports of our own State are, in my judgment, not at all in point. They all arose under foreign decrees over which our courts possessed no power of amendment or modification. In one of them the child had not been born when the decree was made. In the others the decisions rested on the hypothesis that no provision had been made in the decrees for the maintenance of the children. In the case before us we are dealing with a judgment of our own Supreme Court and with our own statute which gives that court unlimited and exclusive power of modification and amendment. And, as already shown, there is no room for the assumption that the court failed in its duty to provide for the maintenance of the child when it made the award of alimony to the mother.

There is nothing in the opinion of the Court of Appeals in *Swanton* v. *Curley* (273 N. Y. 325) in any way in conflict with the view I have taken in the present case. There the decree of divorce expressly provided for the support of the child by the husband. The wife claimed that he had failed to make the required provision and she brought an action at law for the moneys she claimed to be due under the terms of the divorce decree. Of course, it was held that such an action might be maintained. The wife was not required to resort to proceedings to punish her husband for contempt.

But in the case before us there is no suggestion that defendant has failed in complete performance of the terms of the separation decree. The claim is that the decree made no provision at all for the support of the child; and a judge and jury of the Municipal Court are to be asked to supply that supposed deficiency by awarding a money judgment to the wife.

In my opinion the judgment must be held to have made the provision which the court thought proper, and which it was his duty to make, for the support of the child. But even if the terms of the decree could be thought ambiguous, I do not consider that their meaning should be left to be passed upon by a jury in a court of common law. If there was error or omission in the decree, or if for any after-occurring reasons it required amendment, our statute has provided the best method of reaching a proper result by application to the court by which it was made. That remedy is available in the case of all domestic decrees and where so available it should be held exclusive.

In a case which appears to me so plain I do not think it profitable to discuss the decisions in other jurisdictions which in no event could control our determination.

The order denying plaintiff's motion for summary judgment should be affirmed.

The order denying defendant's cross-motion for summary judgment should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.