BYRD S. LAUMEIER, Appellant, v. HERMAN H. LAUMEIER, Respondent.

**Husband and wife — parent and child — jurisdiction — liability of father to divorced wife for cost of support and maintenance of his child — jurisdiction of courts of this state to entertain action by wife to recover such cost of support where divorce was granted in foreign state of which parties were at that time residents — when complaint improperly dismissed — paternity of child may be made an issue in the action.**

1. An action brought by a divorced wife against her former husband to recover money spent upon the maintenance, support and education of their child is not brought to recover money for herself but, in reality, is brought for the benefit of and in behalf of the child who is entitled to support and maintenance by its father. If the father fail to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others and the father will be held liable. The wife may recover the reasonable amounts which she has thus expended. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460, followed.)

2. Where husband and wife, residents of a foreign state, were there divorced but no provision was made in the decree for the support of any child, nor was there any issue before the court regarding the custody and maintenance of any child, though the wife was at the

## 358                    LAUMEIER *v.* LAUMEIER.

time pregnant, of which fact the parties were not aware, and the wife subsequently moved to this state and established here her domicile and that of her child, the foreign court, never having jurisdiction over the latter, the complaint in an action by the wife to recover from the husband for the cost of support and maintenance of the child, which with the summons was personally served upon the defendant within this state, is improperly dismissed on the ground that it is a matter solely within the control of the courts which had jurisdiction of the parties and the divorce action and that the courts in this state had no jurisdiction.

3. That the foreign courts may have jurisdiction to modify their decree so as to provide for the changed condition of the parties or to provide for after-born children does not affect the plaintiff's cause of action. Nothing that the foreign courts may do can constitutionally wipe out the obligation existing in favor of the wife and against the father for the past support of his child.

4. If the paternity of the child be an issue in the case, raised appropriately by the defendant's answer, it will be one of the issues to be determined in the action.

*Laumeier* v. *Laumeier*, 206 App. Div. 246, reversed.

(Argued January 8, 1924; decided February 19, 1924.)

APPEAL, by permission, from an order of the Appellate. Division of the Supreme Court in the first judicial department, entered July 6, 1923, unanimously affirming an order of Special Term granting a motion by defendant for a dismissal of the complaint under rule 107 of the Rules of Civil Practice.

*Caruthers Ewing* for appellant. The Appellate Division was clearly right in holding that the Missouri divorce decree was not *res judicata* of any issues " except those directly involved by the pleadings in said action." The Appellate Division was very much in error in holding that a judgment which was not *res judicata* was still a bar to the present action. (2 Black on Judgments, art. 679; *Steinbach* v. *Relief F. Ins. Co.*, 77 N. Y. 498; *C., B. & Q. R. Co.* v. *Cass Co.*, 72 Neb. 489; *Griffith* v. *L. I. R. R. Co.*, 102 N. Y. 449.) The ended divorce suit in Missouri could not be pleaded as former suit pending,

even if it may be said that when a divorce decree is
granted the action pends 'forever. (*Warner* v. *Warner*,
27 N. Y. Supp. 160; *Oneida County Bank* v. *Bonney*, 191
N. Y. 173; *Douglass* v. *P. Ins. Co.*, 138 N. Y. 209, 218;
*Curlette* v. *Olds*, 110 App. Div. 596; *De Simone* v.
*Transportes Maritimos do Estado*, 199 App. Div. 602;
*General Investment Co.* v. *Int. R. T. Co.*, 200 App. Div.
794, 802.) A former suit pending in another state is
not ground in bar or abatement. (*Mex. Cen. Ry. Co.*
v. *Charman*, 24 S. W. Rep. 958; *Williams* v. *Aybault*, 31
Barb. 364; *Hadden* v. *St. L., etc., R. R. Co.*, 57 How. Pr.
390; *Radford* v. *Folsom*, 14 Fed. Rep. 97; *Peacock* v.
*Lutz & Schramm Co.*, 171 App. Div. 256; *People* v. *Judges*,
27 Mich. 406; *De Brauwere* v. *De Brauwere*, 203 N. Y.
460.) The Appellate Division was in error in holding
that no court but the Missouri court which granted the
divorce could pass on a liability of defendant to plaintiff
in an action of debt. (*Matter of Kohl*, 82 Mo. App. 422;
*Rankin* v. *Rankin*, 83 Mo. App. 335; *Meyers* v. *Meyers*,
91 Mo. App. 151; *McCloskey* v. *McCloskey*, 93 Mo. App.
393; *Chester* v. *Chester*, 17 Mo. App. 657; *Biffle* v. *Pull-
man*, 114 Mo. 50; *Shannon* v. *Shannon*, 97 Mo. App. 119.)
The Missouri court did not undertake to deal with the
obligation to support the child and, as that court had no
reason to suspect that a child would be born to the parties,
there is no judgment over in Missouri which calls for modi-
fication or alteration or amendment. (*Kemp* v. *Kemp*, 59
N. Y. 212; *Erkenbach* v. *Erkenbach*, 96 N. Y. 456; *Koehl*
v. *Koehl*, 156 N. Y. Supp. 235; *Milner* v. *Gatlin*, 139 Ga.
109.) The Missouri court made no effort to deal with a
child of which it was ignorant, which was not born and
which it was not thought would ever be born. (*People
ex rel.* v. *Dewey*, 50 N. Y. Supp. 1013; *Hunt* v. *Hunt*, 72
N. Y. 217; *Ex parte Stewart*, 137 N. Y. Supp. 202.)

*Dudley Dupignac* for respondent. The judge at Special
Term was correct in granting the motion to dismiss,

**360**                    LAUMEIER *v.* LAUMEIER.

upon the ground that the Missouri decree in its present form is binding, as between ‑the parties here, that the respondent is not the father of appellant's child. (*Harris v. Harris,* 5 Kan. 46; *LaRue* v. *Kempf,* 186 Mo. App. 57; *Burritt* v. *Burritt,* 29 Barb. 124.) The unanimous affirmance by the Appellate Division of ‑the order of the Special Term, though on another ground, is likewise supported by incontrovertible authority. (*Laumeier* v. *Laumeier,* 200 N. Y. Supp. 606; *Matter of Morgan,* 117 Mo. 249; *Meridith* v. *Krauthoff,* 191 Mo. App. 149; *Wald* v. *Wald,* 168 Mo. App. 377; *Shannon* v. *Shannon,* 97 Mo. App. 119; *Stetson* v. *Stetson,* 80 Me. 483; *Cowles* v. *Cowles,* 203 App. Div. 405.) The attempt to invoke the aid of a New York court in this action and to oust the Missouri court of its jurisdiction constitutes a fraud on both courts. (*Zeitinger* v. *H. M. Dry Goods Co.,* 244 Fed. Rep. 719; *Wagoner* v. *Wagoner,* 287 Mo. 567.) The Missouri court which granted appellant a divorce from respondent has exclusive and continuing jurisdiction to provide for the support and maintenance of any child of the marriage. (*Matter of Krauthoff, Meredith* v. *Krauthoff,* 177 S. W. Rep. 1112; *Robinson* v. *Robinson,* 268 Mo. 703; *Shannon* v. *Shannon,* 97 Mo. App. 119; *Matter of Morgan,* 117 Mo. 249; *Matter of Ingenbohs,* 173 Mo. App. 261; *Peck* v. *Jenness,* 7 How. Pr. 612; *State ex rel. Sullivan* v. *Reynolds,* 209 Mo. 161.)

CRANE, J. On the 8th day of July, 1918, in the city of Salem, state of Illinois, the above parties to this litigation were married and thereafter resided together as husband and wife in the city of St. Louis, state of Missouri. On the 6th day of June, 1919, the wife, Byrd Shoemaker Laumeier, filed in the Circuit Court of St. Louis a petition for divorce alleging that her husband had refused to provide a home‑for her and had failed to support her, preferring to reside and continue to live with his parents. In this ‑petition she stated as follows:

" Plaintiff states that there were no children born of this marriage."

On the 7th day of June, or the next day after the filing of this petition, the said divorce case was tried in the said Circuit Court of the city of St. Louis, and thereafter and on the 12th day of June, 1919, the court made and entered its decree of absolute divorce, wherein it was recited and decreed as follows: " And the Court being now fully advised in the premises, and being satisfied that the plaintiff is an innocent and injured party and entitled to the relief prayed for in her petition, doth order, adjudge and decree that she be absolutely and forever divorced from the bonds of matrimony existing between her and said defendant, and that she be restored to all the rights and privileges of an unmarried person and that her maiden name of ' Byrd Shoemaker ' be and is hereby restored to her, and that the defendant pay the costs of this proceeding, and that execution issue therefor."

There was nothing whatever said in the decree regarding a child, for the simple reason that at the time there was no child in existence — " no children born of this marriage."

The fact was that at the time the plaintiff was pregnant, although there was some doubt of the fact. A son was born on December 9, 1919, almost six months after the making and entering of the decree of divorce. In her affidavit submitted upon this motion for judgment, the plaintiff states that at about the time the divorce action was heard, the plaintiff was of the opinion that she was pregnant and went to a doctor about it and her apprehensions and belief in this behalf were allayed by the assurances of the physician. Thereafter, and when she was convinced of the fact she says she wrote to the defendant a letter in which she stated: " You know how I was worried about my condition at the time of the settlement, and how the doctors assured me they could find nothing the matter with me. I thought that I

"could rely on what they said, and so I fixed things up with you without any thought of the condition I would be in if my fears about myself should be well founded."

It is apparent, therefore, that the parties to the divorce action brought before the court for its determination simply their own matrimonial difficulties without any attempt to submit for disposition the care and support of any child, as there was no child at the time born of the marriage, or the support and custody of any child thereafter to be born, as the parties were not aware that the wife was pregnant.

Subsequently the plaintiff moved to New York state where she established, as she had a right to do, her domicile, and that of her child. The inference to be drawn from the papers on this motion is that the child was never in the state of Missouri, although it is not stated where it was born. The allegation in her affidavit is to this effect: " Plaintiff has demeaned herself properly and the question of the jurisdiction of the Missouri Court over a child born after a divorce and which child was never in the jurisdiction of the Court has not yet been determined."

The defendant, in this action, although he had contributed toward the support of his wife by the payment of a cash sum of money at the time of the Missouri divorce, never contributed anything toward the support of the child, refused to support it; in fact denied all responsibility for it, even alleging that he was not the father of the child. The care, support and maintenance of the infant son, therefore, fell upon the wife while living here in New York. To recover for the expense which she has been put to in the support, care and maintenance of her child, which she alleges is the son of the defendant, the plaintiff brings this action in our Supreme Court setting forth in her complaint the fact of the divorce, the subsequent birth of the child, the failure of the courts of Missouri to make any provision for the

child as the question was not in issue before it, alleging further the defendant's failure and refusal to support the child, her expenditures for its education, maintenance and medical expenses, and demanding the sum of $5,000.

The defendant was served personally with the summons and complaint in this state, so that our Supreme Court has jurisdiction of the persons of the parties. It has been said, however, and so held by the lower courts, that the courts in this state have no jurisdiction over the cause of action as it is a matter solely within the control of the Missouri courts which had jurisdiction of the parties and the divorce action in June, 1919. On motion made by the defendant for summary judgment, that is, motion on the complaint and affidavits, the Special Term dismissed the plaintiff's complaint for the reasons above stated, and this has been affirmed by the Appellate Division.

We cannot agree with the courts below regarding this question of jurisdiction. We are of the opinion that both reason and authority are in favor of the plaintiff maintaining this action for the recovery of the money expended necessarily for the support and maintenance of the offspring born under the circumstances here stated.

In considering this question some fundamental facts are to be borne in mind. In the first place the decree of the Missouri court said nothing about the support of any child and did not provide for it. There was no issue before that court regarding the custody and maintenance of any child. It was not litigated for the reason that there was no child born at the time, and the parties were not sufficiently aware that there might be a child to make its subsequent custody a matter for court order. We, therefore, start the consideration of the points raised by the defendant as to jurisdiction of our court with the admitted fact that the Missouri courts have not litigated the question or passed upon the issue. The judgment of the court of that state is silent upon the subject.

Again it appears that the child was never in Missouri, or at least that the Missouri courts have never had jurisdiction over it; that the mother and child have been living here in New York state and that this is the state of their domicile. The Missouri courts while disposing of the rights and obligations of the two parties to the divorce action, the husband and wife, made no attempt to dispose of the rights of any subsequently born child. This child has rights which the courts have not disposed of or passed upon. This is a fact which we think the courts below have overlooked. This action brought by the wife is not brought to recover any money for herself; it is brought to recover money spent upon the maintenance and support and education of the child. It is in reality brought for the benefit of and in behalf of the child. The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to the support and maintenance by its father. If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it. Such was our determination in *De Brauwere* v. *De Brauwere* (203 N. Y. 460). We there said: " 'A parent is under a natural obligation to furnish necessaries for his infant children; and if the parent neglect that duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent.' (*Van Valkinburgh* v. *Watson*, 13 Johns. 480.) This rule has long been recognized as the law both in England and this country. A corollary of the rule is the proposition that where a person has advanced money to a wife deserted by her husband for the purchase of necessaries and the money has been so applied he can maintain a suit in equity

against the husband for the money so advanced. The leading case to that effect in this country is *Kenyon* v. *Farris* (47 Conn. 510), in which the earlier English decisions are reviewed. The doctrine of that case has found general acceptance, except in Massachusetts, where it has been expressly rejected. (*Skinner* v. *Tirrell*, 159 Mass. 474.) It has been followed without question by the Supreme Court in this state. (*Wells* v. *Lachenmeyer*, 2 How. Pr. [N. S.] 252; *Kenny* v. *Meislahn*, 69 App. Div. 572.)"

And we there held that the common-law disability of the wife to sue the husband having been removed, a wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation.

This is the nature of the action which the plaintiff here seeks to maintain. She is not looking for relief in the future. She is asking from the father the moneys which she has expended out of her own estate for the support, maintenance and education of his child. If a stranger could maintain such an action, why cannot she?

This law also finds support in the state of Missouri and other jurisdictions. *Bennett* v. *Robinson* (180 Mo. App. 56) held that where a decree of divorce is silent on the subject of children, the liability of the father to support his minor children remains in full common-law vigor, though their mother is awarded their custody. (See, also, *Robinson* v. *Robinson*, 268 Mo. 703; *Stanton* v. *Willson*, 3 Day [Conn.], 37; *Zilley* v. *Dunwiddie*, 98 Wis. 428; *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452; *Gilley* v. *Gilley*, 79 Me. 292; *Ditmar* v. *Ditmar*, 27 Wash. 13; *Buckminster* v. *Buckminster*, 38 Vt. 248; *Spencer* v. *Spencer*, 97 Minn. 56; *Desch* v. *Desch*, 55 Colo. 79; *Graham* v. *Graham*, 38 Colo. 453; *Conn* v. *Conn*, 57 Ind. 323; *Plaster* v. *Plaster*, 47 Ill. 290; *Holt* v. *Holt*, 42 Ark.

495; *Brown* v. *Brown*, 132 Ga. 712; *Evans* v. *Evans*, 125 Tenn. 112; *Alney* v. *Hartwig*, 106 Md. 254.)

It is said that the Missouri courts have jurisdiction to modify their decree so as to provide for the changed condition of the parties or to provide for after-born children, and the authorities cited sustain the statement. While this may be so, the fact remains that so far as this record shows, no such provision has yet been made. It is said that some application has been made for relief. Whatever the Missouri courts may do, it, no doubt, would speak for the future and not for the past. There is a period during which the child had to be supported. That period extends from its birth up to the present day, or, at least, to the bringing of this action by the plaintiff. Nothing, I take it, that the Missouri courts might do could constitutionally wipe out an obligation existing in favor of a stranger and against the father for the support of his child. Such obligation also exists in favor of the wife when she has incurred the expense which he should have met. If the Missouri courts now have jurisdiction, by reason of some application made by the parties to this action, the subsequent effect of their decree or order we do not attempt to determine. No such facts are before us.

The defendant in this action says that he is not the father of the child, and he desires to litigate this issue. There is nothing to prevent him litigating it in this case. The plaintiff sues for the money which she has expended in his behalf in supporting his child, and the whole action is predicated upon the assumption that it is his child, and that the primary duty of supporting it rests upon him. If it be not his child, he, of course, is not under obligation to support it and the plaintiff cannot succeed. If the paternity of the young boy be an issue in this case, raised appropriately by the defendant's answer, it will be one of the issues to be determined in the action.

The judgments below, therefore, should be reversed

and the motion for judgment denied, with costs in all courts.

McLAUGHLIN, J. (dissenting). The Missouri court had jurisdiction of the subject-matter in the divorce action and the parties thereto and the sole jurisdiction to make an award for the support of the child, though unborn, and any provision for the support and maintenance of the child should be made in that action and not an action brought in the state of New York.

HISCOCK, Ch. J., CARDOZO, POUND, ANDREWS and LEHMAN, JJ., concur with CRANE, J.; McLAUGHLIN, J., dissents in memorandum.

Judgments reversed, etc.