MARGARET A. DECKER, as Administratrix, etc., of SEELEY DECKER, Deceased, Respondent, v. THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.— Reargument ordered. Was not the verdict of the jury finding the decedent guilty of contributory negligence inconsistent with a recovery? The verdict finding the decedent guilty of contributory negligence implies a finding that he had received timely warning of the presence of the bridge; and if he had received such warning, then how can the defendant be found guilty of negligence? Reargument is also ordered upon the question of alleged error in the judge's charge with reference to the failure of the defendant to supply a light on the bridge. Case set down for October 11, 1926. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

DOROTHY DAY DRISKO, as Administratrix, etc., of RALPH B. DRISKO, Deceased, Respondent, v. LUCKENBACH STEAMSHIP COMPANY, INC., Appellant.— Judgment reversed upon the law and the facts, and new trial granted, costs to abide the event. We think that the only ground of negligence which should have been submitted to the jury was the failure of the captain to slow down the ship while the work in which plaintiff's intestate was engaged was being performed. There was also prejudicial error in the justice's charge in regard to turning the ship after the accident. Rich, Jaycox, Young and Kapper, JJ., concur; Lazansky, J., votes to reverse the judgment and to dismiss the complaint upon the ground that no actionable negligence was shown.

SYLVIA DUMAY, Appellant, v. CHARLES DUMAY, Respondent.— Order denying motion that defendant be required to reimburse plaintiff for medical expenses reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The decree of divorce, while it dissolved the marital relations of the parties, did not absolve the defendant of the duty that the law imposes upon him as the father of the child. "The husband did not divorce his child, or dissolve his liabilities to it. * * * The child is entitled to the support and maintenance by its father. If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it." (Laumeier v. Laumeier, 237 N. Y. 357, 364. See, also, Ehrich v. Ehrich, 211 App. Div. 490; De Brauwere v. De Brauwere, 203 N. Y. 460.) Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.