VERA S. MANICE, Plaintiff, *v.* ROBERT J. RANDOLPH, Defendant.

Supreme Court, New York County, March, 1927.

**Husband and wife — divorce — foreign decree awarded care and custody of child to plaintiff wife, but failed to award alimony — wife not entitled to recover from husband for support of child.**

Where a foreign decree of divorce awarded to the plaintiff wife the care and custody of the child of the parties, but did not make a provision with respect to maintenance, the wife is not entitled to recover from the husband money spent for the maintenance and education of said child.

*It seems,* that the remedy of the wife is to procure an amendment of the foreign decree, which, until amended, is conclusive against her claim for the support of the child.

MOTION to dismiss complaint for insufficiency.

*Graham, McMahon, Buell & Knox* [*Ralph P. Buell* of counsel], for the plaintiff.

*Joseph C. Thompson* [*Peter A. Lee* of counsel], for the defendant.

CHURCHILL, J. The complaint shows that plaintiff was divorced from defendant by a judgment obtained in the State of Maine. At the time of the divorce there was issue of the marriage, a son then eight years of age. The decree awarded the care and custody of the child to plaintiff. There was no other provision with respect to his maintenance. Since the decree plaintiff has had and still has the custody of the child and has maintained and educated him out of her own earnings and property. She alleges that she has spent at least $7,500 for these purposes and demands judgment for that sum.

I think no cause of action is stated. The future care, custody and maintenance of the child were matters necessarily before the court which granted the divorce. That court gave the care and custody to the mother. It might also have awarded her alimony for the support of herself or of her child, or both. But it did not; and its failure to do so is no less conclusive against her than an award of alimony would have been conclusive in her favor. If she had desired the exclusive custody of the child only on condition that the father should continue to support him she should have sought such a provision from the court which granted the decree of

divorce. She might, or might not, have got it. Conceivably, she might still procure an amendment of the decree. But this court cannot amend it and, until amended, it is conclusive against her claim. (*Rich* v. *Rich*, 88 Hun, 566.) Nothing to the contrary was decided in *Laumeier* v. *Laumeier* (237 N. Y. 357).

The motion is granted and the complaint dismissed. Order signed.