VERA S. MANICE, Appellant, *v.* ROBERT J. RANDOLPH, Respondent.

First Department, November 4, 1927.

**Husband and wife — obligation of husband — parties were divorced in Maine in 1919 and wife has supported son since — wife may recover from husband cost of maintenance of son, in absence of provision in divorce decree.**

The plaintiff, who was divorced from the defendant in Maine in 1919 and who has since that time supported their minor son, may recover in this action the cost of maintenance of the son, in the absence of any proof that provision was made for maintenance of the son in the divorce decree.

APPEAL by the plaintiff, Vera S. Manice, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of March, 1927, granting defendant's motion made under

rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*William H. Hall* of counsel [*Ralph P. Buell* with him on the brief; *Graham, McMahon, Buell & Knox,* attorneys], for the appellant.

*Joseph C. Thomson,* for the respondent.

McAvoy, J.  Plaintiff and defendant were married in this State. They have a son sixteen years old.  They were divorced in Maine in May, 1919.  Since then plaintiff has maintained and supported the child.  She has expended $7,500 on this account.  She now sues for that sum with interest on one-half from June, 1923.

It was decided in a very early holding that " A parent is under a natural obligation to furnish necessaries for his infant children; and if the parent neglect that duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent." (*Van Valkinburgh* v. *Watson,* 13 Johns. 480 [1816].)

In *DeBrauwere* v. *DeBrauwere* (203 N. Y. 460) the plaintiff and her three infant children had been abandoned by the defendant, and the plaintiff supported the children out of her own funds and earnings.  The plaintiff sued to recover the moneys thus spent by her.  The ruling there was that the husband was unquestionably under a legal obligation to provide his wife and children with the necessaries of life suitable to their condition, and the wife could recover from him the reasonable amounts which she had thus expended out of her separate estate in discharge of his obligation.

We think in any event that we are controlled by the precedent found in *Laumeier* v. *Laumeier* (237 N. Y. 357).  There the plaintiff had been divorced in Missouri.  The decree made no provision for alimony and was silent in regard to the custody and maintenance of the children, as there were none.  The wife, however, was pregnant at the time of the suit, which fact was not known until later.  The plaintiff sued her former husband in New York for the support and maintenance of their infant son.  At the Special Term and Appellate Division (206 App. Div. 246) the courts ruled for defendant.  It was decided on further appeal, however, that since the question of maintenance was not litigated in Missouri, and the decree was silent on that point, the defendant was obligated to support his child, and judgment of reversal followed.  The opinion of the court contained this language: " This is the nature of the action which the plaintiff here seeks to maintain.  She is not looking for relief in the future.  She is asking from the father the moneys

which she has expended out of her own estate for the support, maintenance and education of his child. If a stranger could maintain such an action, why cannot she?

" This law also finds support in the State of Missouri and other jurisdictions. *Bennett* v. *Robinson* (180 Mo. App. 56) held that where a decree of divorce is silent on the subject of children, the liability of the father to support his minor children remains in full common-law vigor, though their mother is awarded their custody."

The ruling of *Rich* v. *Rich* (88 Hun, 566), upon which the lower court (129 Misc. 172) based its decision, is not now authoritative. The Court of Appeals in the *Laumeier* case has found the law in New York now to be that a failure of provision for maintenance and support of minor children in the divorce decree does not absolve the father from duty to provide for them. *Dumay* v. *Dumay* (217 App. Div. 773 [1926]) follows this rule.

We conclude, therefore, that the order granting the motion should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of the order to be entered hereon upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.