ANNE L. MORRIS, Respondent, *v.* WILLIAM D. BIRMINGHAM, Appellant.

Supreme Court, Appellate Term, First Department, February 10, 1932.

*William J. Sullivan,* for the appellant.

*Wellman, Smyth & Scofield* [*Herbert C. Smyth, Jr.,* of counsel], for the respondent.

CALLAHAN, J.   The main ground urged for dismissal is that there is an existing judgment by a court of competent jurisdiction determining the merits of the present controversy and that the Municipal Court had no jurisdiction of the subject-matter of the action.

Plaintiff and defendant were formerly husband and wife.   There are two children of the marriage who are minors.   On October 14 1930, plaintiff obtained a divorce from defendant in the State of Nevada, the defendant appearing in the action in said State.   Prior to the entry of the decree in Nevada the parties had signed a separation agreement whereby the defendant agreed to pay the plaintiff forty dollars a month for the support of herself and children until she remarried or died.   This agreement also provided for the right

of visitation to the children by defendant. The provisions of this agreement were incorporated in the decree of divorce *in hæc verba*. Plaintiff remarried on October 20, 1930. Thereupon defendant ceased all payments to plaintiff.

Plaintiff brings the present action to recover $470.71, which she claims she expended for necessaries for defendant's two children between July 1, 1930, and April 25, 1931. It is apparent that neither the separation agreement nor the decree of the Nevada court make any provision for the support of the children after the remarriage of the wife. It is our opinion that because of that fact the plaintiff has the right to maintain this action at least as to necessaries expended after her remarriage. The reason for this is that the foreign decree made only partial provision for the support of the children, to wit, until the time the plaintiff remarried. We take it that the principle enunciated in the case of *Laumeier* v. *Laumeier* (237 N. Y. 357) applies here. There the action was brought by a divorced wife against her former husband to recover moneys spent for the support of their child. The child was born after issuance of the foreign decree. The Court of Appeals held: " An action brought by a divorced wife against her former husband to recover money spent upon the maintenance, support and education of their child is not brought to recover money for herself but, in reality, is brought for the benefit of and in behalf of the child who is entitled to support and maintenance by its father. If the father fail to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others and the father will be held liable. The wife may recover the reasonable amounts which she has thus expended. * * *

" That the foreign courts may have jurisdiction to modify their decree so as to provide for the changed condition of the parties or or to provide for after-born children does not affect the plaintiff's cause of action. Nothing that the foreign courts may do can constitutionally wipe out the obligation existing in favor of the wife and against the father for the past support of his child."

The principle thus enunciated appears to be that the plaintiff's right to suit here is a derivative one based on the rights of the children to support by their father. Clearly, where the decree of the foreign State made no provision to cover a situation that was likely to and did develop, it was only a partial decree concerning support in no wise covering the rights of the children after their mother's remarriage.

In the *Laumeier* case the court cited with approval the case of *Bennett* v. *Robinson* (180 Mo. App. 56). In the latter case the

child was born prior to the issuance of the foreign decree and in fact its custody was awarded to the mother by that decree. Nevertheless, an action of the present character was held maintainable in view of the fact that no provision for the support of the child was contained in the decree. Likewise, in the case of *Manice* v. *Randolph* (221 App. Div. 570) it appears that the child was born before the decree. An examination of the record on appeal shows that the child was eight years of age at the time of the divorce. The decree of the foreign State awarded custody of the child to the mother but contained no provision concerning support. The court upheld the right of the mother to sue for a sum expended for necessaries for the support of the child. (See, also, *Dumay* v. *Dumay*, 217 App. Div. 773.)

If the foreign decree in the present case contained any provision with respect to the support of the children after remarriage such decree would be binding on this court and a bar to the present action. In our opinion, however, in view of its silence on this subject, the present suit may be maintained.

Order affirmed, with ten dollars costs.

LEVY, J. (concurring). The children are the wards of the court and entitled to its fullest measure of interest and protection. I concur in result.

LYDON, J. (dissenting). I dissent and vote to reverse and dismiss the complaint.

The matrimonial domicile was in New York and defendant still lives here. Plaintiff, desiring a divorce, went to Nevada and brought her action there. Defendant appeared, and the court, having complete jurisdiction of the parties and of the subject-matter, rendered its decree of divorce on October 14, 1930. That decree was as comprehensive as the jurisdiction was complete. It divorced the parties, provided for the custody of the children and awarded the wife an allowance for the support of herself and the children. The wife remarried within a week of the entry of the decree and resides with her present husband in the State of Connecticut. She now brings this action to recover the sum of $470.71 claimed to have been expended by her for the support of the children during the period from July 1, 1930, to April 25, 1931. This is a period of ten months. Under the terms of the decree she was awarded forty dollars per month for the support of herself and the children, beginning as of the 1st day of October, 1930, and to continue only so long as she should remain unmarried. Under the terms of the decree her allowance thus came to an end within a week after it had been granted. It seems to me that nothing

further need be said to show that plaintiff has no cause of action as a matter of law. But it is easy to show that the result thus reached on purely legal grounds is also the natural and proper one from any point of view.

The decree dealt with the situation in which the parties then found themselves. The wife was divorced and free to remarry. There were two young children. Their custody was given to the wife and the court awarded a sum which is considered proper for their support and her own. But it also provided that the husband, who was to pay the alimony, should have the right to visit his children at week-ends and at all reasonable times and should further have the right to have the children with him at week-ends and during vacations. Thus a complete disposition of the case was made and the rights of the respective parties were fully determined in the situation which they then were. But the court could not foresee whether or not the wife would remarry or where she might choose to reside in the future, whether married or unmarried. Obviously, if she should remarry and take the children to a foreign country, a further consideration of the question of what allowance, if any, she should then have, would be necessary. And so the court did the only thing it could do to provide against possible changes in the status of the parties. It ordered that all the provisions of the decree with respect to alimony and custody of the children should be subject to the further order of the court. The wife has now remarried and removed to another jurisdiction, taking the children with her, and she brings this action in which she seeks the judgment of a court and jury on the question of what allowance she should have for expenditures for the support of her children. She would substitute the judgment of a common-law tribunal for that of the court of equity to which she voluntarily submitted the whole controversy between herself and her husband.

It is suggested that whatever we may think of the case, we are concluded by the authority of *Laumeier* v. *Laumeier* (237 N. Y. 357). I have examined the case cited and cannot subscribe to the contention that it supports the plaintiff's claims, as in that case the court said: " There was nothing whatever said in the decree regarding a child, for the simple reason that at the time there was no child in existence."

The order should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.