MALCOLM W. GREENOUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58098, 58942. Promulgated November 14, 1933.

*W. Sidney Felton, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

SMITH: The applicable statutes are as follows:

Revenue Act of 1926:

SEC. 219. (g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor.

Revenue Act of 1928:

SEC. 166. REVOCABLE TRUSTS.

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be

applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

In these proceedings the respondent makes two contentions. He first contends that the trust was a revocable trust during the tax years involved herein. He submits that under articles 4 and 5 of the trust indenture petitioner was the sole trustee who could not be removed; that if he continued to reside in Massachusetts he could remove, in conjunction with one of the trustees, the third trustee, who might not consent to a revocation of the trust, and appoint one who would consent. He also submits that the petitioner could establish his legal residence in another state; then remove the two trustees and appoint others compliant with his wishes. Hence, it is argued that the petitioner in effect had the right to revoke the trust.

The second contention made by the respondent is that the gains made by the trust upon the sales of securities were taxable gains within the purview of the taxing statutes; that the trustees could determine in selling capital assets whether they would treat the gain derived therefrom as income or principal and that they could act similarly with respect to stock dividends, stock rights, etc., all without court sanction. The argument is that the petitioner, being the grantor of this trust, could, with the consent of the other trustees, declare that the gains from the sale of securities were income and that as such they could have been distributed currently to the petitioner.

Without expressing an opinion as to the merits of the first contention of the respondent, we are of the opinion that the second contention is sound. In *Weiss* v. *Wiener*, 279 U.S. 333, the Supreme Court, speaking through Mr. Justice Holmes, said:

It does not matter that in Ohio, where the properties lie, these long leases are treated as in many respects like conveyances of the fee. The Act of Congress has its own criteria, irrespective of local law, that look to certain rather severe tests of liability and exemption and that do not allow the deductions demanded whatever the lessees may be called. * * *

Consonant therewith, we are of the opinion that it is immaterial that under the decisions of the Massachusetts courts profits from the sale of securities constituting the corpus of a trust fund are treated as principal and not income. Under the taxing statute such gains clearly constitute taxable income.

The statute is plain that if the grantor of a trust in conjunction with any person not a beneficiary of the trust may cause the profits of the fund to be distributed to him, the grantor is liable to income tax in respect of such income received by the trust fund. That is the

situation here. Cf. *Charles Kaplan*, 26 B.T.A. 379; affirmed in principle in *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401.

In Docket No. 58942 the petitioner alleges error in that the respondent included in his taxable income for 1929, $1,125 representing the proceeds of the sale of stock rights. These proceeds were received by the trustees. At the hearing of this proceeding counsel for the petitioner stated that the $1,125 in question " represented rights to subscribe to bonds of the American Telephone & Telegraph Co. which, under the rulings, I understand, are subject to the surtax but not to the normal tax." The petitioner submitted no further evidence upon the point. The respondent has treated the proceeds from the sale of the stock rights as income of the petitioner liable to surtax only. In the absence of evidence showing error on the part of the respondent in so treating the amount, his action is sustained.

*Judgment will be entered for the respondent.*