LAWRENCE EBSTEIN, Plaintiff, *v.* BENJAMIN H. SAXEN, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
March 17, 1934.

*Joseph Zaretzki* [*Lawrence Ebstein* of counsel], for the plaintiff.

*Joel Krone,* for the defendant.

WHALEN, J.   The plaintiff is an attorney, and sues the defendant
to recover for legal services rendered in moving in the Supreme
Court, New York county, to punish the defendant for contempt of
court because of the defendant's failure to pay the sums of money
directed for the support of two minor children of the parties in a
decree of divorce entered in an action between the defendant and
his former wife.

In the divorce action no order for counsel fee was entered and
no award of alimony for the support of the wife was made.   The
plaintiff contends that the services he rendered were necessaries.
The defendant contends that the plaintiff in the motion to punish
for contempt and in the services rendered in connection with the
defendant's counter motion to reduce the alimony for the children
represented only the wife, the mother of the minor children, and
that, because of the fact that a final decree of divorce had been

previously entered, there was no marital status between the parties, and no judgment can be recovered in this action for legal services.

A consideration of the recent cases on the subject leads me to the conclusion that the plaintiff is entitled to recover. It has been held that the services of an attorney may be considered to be necessaries. (*Horn* v. *Schmalholz*, 150 App. Div. 333; *Naumer* v. *Gray*, 41 id. 361; *Elder* v. *Cochrane*, 209 id. 665.) The Court of Appeals in *Laumeier* v. *Laumeier* (237 N. Y. 357, 364) has decided that even after a divorce a divorced wife may recover judgment against her former husband for moneys expended for the support of a child of the marriage, where no provision for the support of the child had been made in the decree of divorce. In *Dumay* v. *Dumay* (217 App. Div. 773) the Appellate Division in the Second Department held that a divorce decree did not absolve a father of his duty of furnishing necessaries for his child, and that the mother was entitled to be reimbursed for moneys expended for medical care of a child. In *Manice* v. *Randolph* (221 App. Div. 570) it was held that a divorced wife is entitled to recover from her former husband for moneys spent for the support of a minor child where the decree of divorce made no provision for the support of the child. The underlying reason for this principle is well stated in *Laumeier* v. *Laumeier* (*supra*), · where the court said: " This action brought by the wife is not brought to recover any money for herself; it is brought to recover money spent upon the maintenance and support and education of the child. It is in reality brought for. the benefit of and in behalf of the child. The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to support and maintenance by its father. If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it."

In the present case the final decree of divorce awarded a sum of money to be paid to the wife for the support of the children. That decree measured the husband's liability for the support of the children. So long as he obeyed that decree and fulfilled his liability thereunder, this court would have no jurisdiction in this action. However, it appears that the defendant failed to comply with the provisions of the decree, and that means that he has failed to support his children. Under the circumstances, it was necessary for the wife to employ legal assistance to compel him to fulfill his duty. The services rendered by the attorney, although nominally rendered to the wife, were in reality for the purpose of insuring the support

of the children. We may look beyond the form of the action and consider its substance. The argument presented by defendant's counsel to the effect that because a divorce decree has been entered and the marital status destroyed no suit can be brought against the husband for necessaries overlooks the fact that this action is brought in reality to recover for necessary services rendered on behalf of the children and not on behalf of the wife.

It would have been possible for the plaintiff herein to move in the Supreme Court, prior to or at the time he made a motion to punish the defendant for contempt of court, for an award of counsel fee for services to be rendered, but such a motion is not obligatory, and the remedy provided thereby is not exclusive. An attorney may render services to a wife in a matrimonal action without having an award of counsel fee *pendente lite* made and may thereafter sue at common law to recover the value of the services rendered.

If this were an action purely on behalf of the wife, I would be able to agree with defendant's counsel that it could not be maintained, but inasmuch as the rights of the children are involved, I am of the opinion that the plaintiff is entitled to recover. It has been stipulated that the reasonable value of the plaintiff's services in this action is $175 with $5 disbursements, making a total of $180 for which the plaintiff is entitled to a judgment. This court has jurisdiction of the action. (*Morris* v. *Birmingham*, 142 Misc. 628.)