PAUL W. LITCHFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91769.   Promulgated May 24, 1939.

*David A. Gaskill, Esq.,* and *Howard L. Hyde, Esq.,* for the petitioner.

*Paul A. Sebastian, Esq.,* for the respondent.

### OPINION.

TYSON: In the deficiency notice the respondent determined deficiencies in income taxes in the amounts of $15,639.47 and $11,883.84 for the calendar years 1934 and 1935, respectively. By amended answer the respondent prays that the deficiencies be increased to the amounts of $21,226.16 for 1934 and $17,091.05 for 1935 and affirmatively alleges certain errors on his part and the facts relied on in support thereof. A stipulation of the parties, included herein by reference, completely disposes of the issues raised by the amended answer and the reply thereto. Effect to such stipulation will be given in the recomputation under Rule 50.

The sole remaining issue involves the question of whether the respondent erred in including in petitioner's taxable income for the years 1934 and 1935 all or any part of the income of a trust distributed to petitioner's wife and two daughters for each of those years, respectively. Although there was oral testimony, most of the facts pertaining to this issue are embraced in a stipulation, which, together with the exhibits attached thereto, is adopted as part of our findings and included herein by reference. Only the salient facts will be set out herein.

On June 29, 1931, the petitioner, a resident of Akron, Ohio, as grantor, entered into a written trust agreement with the Guardian Trust Co. of Cleveland, Ohio, as trustee, and such agreement remained

in full force and effect during 1934 and 1935. That agreement provided, *inter alia*, as follows:

### II. IRREVOCABILITY OF TRUST

This trust shall be irrevocable except that by and with the consent of his wife, Florence B. Litchfield, during her lifetime, the Donor may, from time to time, withdraw from the operation of this Agreement all or any part of the subject matter. In like manner, in the event of the decease of the Donor's said wife, the Donor may withdraw all or portions of the principal trust estate upon securing the consent of either of his children, Katherine Litchfield Hyde, and Edith Litchfield Denny.

### III. DISTRIBUTION OF INCOME AND PRINCIPAL

The net income from the trust estate shall be distributed one third (1/3) to the Donor's wife, Florence B. Litchfield, one third (1/3) to the Donor's daughter, Katherine Litchfield Hyde, and one third (1/3) to the Donor's daughter, Edith Litchfield Denny.

Upon the decease of the Donor's said wife, Florence B. Litchfield, one half (1/2) of the principal trust estate shall be distributed to the Donor if he be living. The residue of the trust estate, or the entire trust estate in the event that the Donor shall be deceased, shall, upon the decease of the Donor's said wife, be divided into two equal parts; one portion to be held for each of the Donor's said daughters, Katherine Litchfield Hyde and Edith Litchfield Denny.

The Trustee shall distribute to each of the Donor's said daughters, in regular instalments, the net income arising from that portion of the trust estate held for her benefit. Subject to the prior decease of the Donor, as each daughter attains the age of thirty (30) years, the Trustee shall pay over to each daughter so attaining said age, one-fourth (1/4) of her portion of the principal held for her benefit, and thereafter said trust shall continue as to the balance thereof, and the entire net income thereafter shall be paid over to such daughter until she attains the age of thirty-five (35) years, at which time an additional one-fourth (1/4) of such daughter's portion of the principal held for her benefit shall be paid over to her by the Trustee, to be hers absolutely, and said trust shall continue as to the remaining one-half (1/2) of such daughter's portion of said trust fund, during her lifetime, and the net income derived therefrom shall be paid to her so long as she may live.

From and after the decease of the Donor, the Trustee may distribute portions of the principal trust estate to or for the use and benefit of the Donor's said wife, if living, and/or each of the Donor's said daughters, respectively, if in its judgment the net income at the time distributable to such beneficiary hereunder, together with all other means of support, which she may have shall be insufficient for her comfortable maintenance and support. All such distribution from the principal trust estate to or for the use and benefit of the Donor's daughters, Katherine Litchfield Hyde and Edith Litchfield Denny, or issue thereof, shall be charged as an advancement from the share of the trust estate held for such beneficiary.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

### VI. ADDITION OF PROPERTY TO TRUST ESTATE

Additional property may be brought within the terms of this Agreement by transferring, assigning, and conveying the same to the Trustee, and by annexing hereto additional exhibits setting forth a concise description of the same.

The trust instrument further provided: That the trustee should have the power, with certain restrictions, to invest or sell the corpus, or any portion thereof, and to reinvest the proceeds of such sales; that each of petitioner's daughters should have a power of appointment to dispose of that portion of the corpus of the trust which was to be held for her benefit after the death of petitioner's wife; that upon failure to exercise that power such portion of the corpus should vest in and be distributed to her surviving issue after such issue should have attained the age of 21 years; that if there should be no such issue and either daughter failed to exercise her power of appointment, the portion of the corpus held for her benefit should be added to and form a part of the trust created for the other daughter; that the foregoing provisions with respect to distribution to the surviving issue of either of the two daughters were to become effective only upon the death of both the petitioner and his wife. The trust instrument also provided that, should both daughters die without surviving issue and without exercising their power of appointment, the entire residue of the trust fund should be distributed to the grantor, if living, and if deceased, to his wife, if living, and in the event that neither the grantor nor his wife was then living, such residue should be administered and ultimately distributed as prescribed in petitioner's will.

On or about July 16, 1931, the petitioner transferred to the Guardian Trust Co., as trustee, numerous shares of stock, as listed in the stipulation, which were his separate property and had a total market value of $276,263.25. On the same date, Florence B. Litchfield, the petitioner's wife, transferred to the same trustee numerous shares of stock, as listed in the stipulation, which were her separate property and had a total market value of $415,828. The stipulation sets forth all of the subsequent transfers of securities and cash to, and withdrawals of securities from, the trust by the petitioner; all the purchases and exchanges of securities by the trustee; and, also, the income received by the trustee during 1934 and 1935 from the list of securities held by it during those years.

During 1934 and 1935 the net income of the trustee amounted to $29,920.65 and $22,862.77, respectively, all of which was distributed by the trustee in equal shares to petitioner's wife and two daughters, who reported the same on their respective individual income tax returns and paid the tax thereon.

The present ages of the petitioner, of his wife, Florence B. Litchfield, of his daughter, Katherine L. Hyde, and of his daughter, Edith L. Denny, are 63 years, 58 years, 33 years, and 28 years, respectively. Katherine has two children and Edith has three children, all of whom are living at the present time.

The respondent has included in the petitioner's taxable income the amounts of $29,920.65 for 1934 and $22,862.77 for 1935, representing the total net income received by the trust for each of those years, respectively, based upon his determination (1) that one-half of such income is taxable to petitioner because one-half of the corpus of the trust will revest in him should his wife predecease him, and (2) that the other half of such income is taxable to petitioner because there is vested in the grantor (petitioner) the power, in conjunction with a person (petitioner's wife) not having a substantial adverse interest therein, to revest in himself that part of the trust corpus from which the income of the two daughters was derived.

On brief, respondent now contends that the two-thirds of the trust income which was distributed to the two children is taxable to petitioner under sections 166 and 167 of the Revenue Act of 1934 [1] and the regulations pertaining thereto. The petitioner contends that neither of those sections is applicable because the trust is not revocable by the petitioner, as grantor, within the meaning of section 166, and the income from the trust may not be distributed to or accumulated for future distribution to the petitioner, as grantor, within the meaning of section 167. In the alternative, petitioner contends that in any event he is not the "grantor" within the meaning of those sections, or either of them, as to that portion of the trust corpus contributed by his wife.

Clearly the respondent erred in including in the petitioner's taxable income for 1934 and 1935 any portion of the trust income on the ground that one-half of the corpus of the trust will revest in petitioner should his wife predecease him. Such contingency constituted

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

merely the possibility of a reverter to petitioner of a portion of the trust corpus, because, by the terms of the trust instrument, such reverter may occur only upon the happening of an event over which petitioner, the grantor, has no control and may not occur through petitioner's exercise of any vested "power to revest" within the ambit of section 166, *supra*. *Phebe Warren McKean Downs*, 36 B. T. A. 1129; *William E. Boeing*, 37 B. T. A. 178; and *John Edward Rovensky*, 37 B. T. A. 702.

The next question presented for our consideration is whether petitioner, as grantor of the trust, is taxable on two-thirds of the trust income distributed to his two daughters, in the taxable years, on either of two grounds, namely (a) that the petitioner, as grantor, is vested with the power, in conjunction with his wife *as a person not having a substantial adverse interest* in the disposition of two-thirds of the trust corpus, or the income therefrom, to revest such corpus in himself, under section 166, *supra*, or (b) that two-thirds of the trust income distributable to the two daughters under the terms of the trust instrument may, in the discretion of petitioner, as grantor, in conjunction with a person, his wife, not having a substantial adverse interest therein, be distributed to or accumulated for future distribution to him, within the meaning of section 167, *supra*.

The trust instrument provides that the trust is *irrevocable*, except that the grantor may withdraw all or any part of the trust corpus by and with the consent of his wife during her lifetime, or, if she predeceases him, then by and with the consent of either of his daughters.

There is an express provision in the trust that one-third of the net income of the trust estate shall be distributed to the petitioner's wife during her lifetime and, also, that after the petitioner's death the trustee may distribute portions of the trust corpus to or for the use and benefit of petitioner's wife if, in the trustee's judgment, her income is insufficient for her comfortable maintenance and support. The petitioner's withdrawal of any part or all of the trust corpus would necessarily effect a diminution or possibly the destruction of his wife's present interest in one-third of the income of the trust estate as a whole and, also, of her contingent interest in future possible distributions to her from the trust corpus for her maintenance and support. This being true, the petitioner's wife, in our opinion, had a "substantial adverse interest" in the entire trust corpus, within the meaning of section 166, *supra*. *Jane B. Shiverick*, 37 B. T. A. 454 and *Sophia P. O. Morton*, 38 B. T. A. 419. Accordingly, as to ground (a) above, we conclude that two-thirds of the trust income may not be included in the petitioner's taxable income for either 1934 or 1935, under section 166, *supra*, because petitioner did not have a vested power, in conjunc-

tion with a person (his wife) having no substantial adverse interest in two-thirds of the trust corpus, to revest that two-thirds of the trust *corpus* in himself.

The trust instrument does not expressly give the petitioner any power to modify, amend, or alter, the terms of the trust. The respondent, however, contends that petitioner reserved a general power of revocation, to be exercised in conjunction with his wife, and that such power included, by implication, the power to alter, amend, or modify, the terms of the trust instrument; that under such power to alter, amend, or modify, petitioner could, in conjunction with his wife, who had no substantial interest in the two-thirds part of the trust income distributable to the two children, amend the trust instrument with regard to such part of the income so as to have same distributed to or accumulated for future distribution to himself, within the meaning of section 167, *supra*.

The fallacy in this contention is that the trust instrument did not reserve to petitioner a general power of revocation. By its express terms the trust was declared to be irrevocable, with one stated exception, viz., that the petitioner, with the consent of his wife, could only withdraw from the operation of the trust all, or any part, of the subject matter, i. e., the corpus thereof. Although it is true that under such conditional power the petitioner could, by withdrawing a part or all of the trust corpus, cause the trust to terminate as to the withdrawn portion, such mode of termination of the trust, in whole or in part, is a *particular mode* which must be strictly pursued in order to make the termination or revocation effective.[2] That specific exception to the irrevocability of the trust does not embrace the power to alter, amend, or modify, the terms thereof relating to the income therefrom, or any portion thereof. We therefore conclude that as to ground (b) above, the two-thirds part of the trust income distributable to the two daughters may not be distributed to or accumulated for future distribution to petitioner, as grantor, within the meaning of section 167, *supra*, and, accordingly, is not taxable to him as determined by respondent.

The conclusions hereinbefore set forth sustain the petitioner's contention that no part of the trust income here in controversy is taxable to petitioner for the years 1934 and 1935, under sections 166 and 167, *supra*, or either of them, and obviate the necessity of any discussion of petitioner's alternative contention.

Decision will be entered under Rule 50.

---

[2] See *National Newark & Essex Banking Co.* v. *Rosahl* (*N. J.*), 128 Atl. 586; *Richardson* v. *Stephenson* (*Wisc.*), 52 A. L. R. 681–684; 4 Bogert on Trusts and Trustees 2908 (par. 120); 65 C. J. 347 (par. 120); 26 R. C. L. 1206 (par. 48).