## H. Cecil and Ruth Carroll Sharp, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 97425, 97426. Promulgated July 12, 1940.

*Brooks Potter, Esq.*, and *John Dane, Jr., Esq.*, for the petitioners. *Charles P. Reilly, Esq.*, for the respondent.

OPINION.

LEECH: As regards the Nancy Carroll Draper trust, respondent argues that three-fourths of the net income, exclusive of capital gains, is taxable to petitioner on the ground that the trust discharged petitioner's duty to support her daughter, legal or contractual. *Douglas* v. *Willcuts,* 296 U. S. 1. He raises no issue as to the applicability of section 166, and it is noted that no such question could be successfully raised, since the power to revoke exists in petitioner only in conjunction with Draper, who holds a substantial adverse interest. See *Paul W. Litchfield,* 39 B. T. A. 1017.

Respondent's contention that petitioner is under a duty to support her daughter rests first upon an invocation of the doctrine that the Commissioner's determination in this regard is presumptively correct. He says that petitioner's duty to her daughter is controlled by the laws of France and that he must prevail because petitioner has introduced no proof of French law.

The decree of the French court awarded custody of Nancy Carroll Draper to petitioner and left the matter of the child's support to the parties, refraining entirely from passing on the latter question. Thereafter petitioner and the child established a legal domicile in the State of New York, as was their right and privilege. Restatement of the Law of Conflicts of Law, sec. 32; 1 Beale, Conflicts of Law, 215; *Toledo Traction Co.* v. *Cameron,* 137 Fed. 48. Draper, the ex-husband of petitioner and father of the child, returned to and retained his residence in Massachusetts.

Under the laws of New York, the duty of Draper to support the child survived the French divorce because the foreign court failed to pass upon the question and made no provision therefor in its

340

decree. *Laumeier* v. *Laumeier*, 237 N. Y. 357; 143 N. E. 219; *Manice* v. *Randolph*, 221 App. Div. 570; 224 N. Y. S. 496.

Under the laws of Massachusetts, if suit were brought against Draper there and the child were then a resident of that state, the proper probate court could have compelled the father to support the child, regardless of what a foreign court might or might not have done in the premises, and even though the child remained in the custody of its mother. Mass. G. L. (Ter. ed.) ch. 208, § 29; *Durfee* v. *Durfee*, 293 Mass. 472; 200 N. E. 395.

On the instant facts, moreover, the case of *Yarborough* v. *Yarborough*, 290 U. S. 202, which holds that the forum granting the divorce has sole jurisdiction over the question of support of children, does not require a holding that French law is controlling, since in the *Yarborough* case the court which granted the divorce provided for support in its decree, whereas here that was not done. See 50 Harvard Law Review 1197.

We conclude, therefore, that the question of petitioner's obligations to her child is not controlled by the laws of France, and that under either Massachusetts or New York law, Draper's duties to support the child remained. It follows that the trust discharged his legal obligation, but not petitioner's, since she had none, and that she, therefore, is not taxable on any of the income of the Nancy Carroll Draper trust. *Commissioner* v. *Yeiser*, 75 Fed. (2d) 956; *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048. See also *Lolita S. Armour*, 41 B. T. A. 777.

Respondent's further contention, that petitioner was under a contractual duty to support her daughter because Draper had given her money on the understanding it would be used for the benefit of the family and she had used part of it to create the trust, is untenable, for a father can not by contract rid himself of his duty to support his minor child. *Helvering* v. *Leonard*, 105 Fed. (2d) 900; reversed on other grounds, 310 U. S. 80.

The second issue is whether petitioner is taxable upon the capital gains realized in the taxable years by the Ruth Carroll Draper trust. These were not distributed to her but were added to principal.

It is true that under the law of Massachusetts, capital gains normally are to be credited to principal, rather than to income. *Theodore R. Plunkett*, 41 B. T. A. 700. But here the trustees were given discretion to determine which receipts were capital and which were income. Under section 167 (a) (2) of the Revenue Acts of 1934 and 1936, a grantor of a trust is taxable on such of the income of a trust as may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor. A trustee is not a person having a substantial adverse interest within the meaning of the

statute. *Reinecke* v. *Smith*, 289 U. S. 172; *Sterling Morton*, 38 B. T. A. 1283; affd., 109 Fed. (2d) 47. There was, in consequence, nothing to prevent the trustees here from exercising their discretion and distributing the capital gains to petitioner. She is therefore taxable in respect of these capital gains under section 167 (a) (2), *supra*. *Malcolm W. Greenough*, 29 B. T. A. 315; affd., 74 Fed. (2d) 25.

In view of this conclusion, it will not be necessary to pass on respondent's remaining contentions.

We find that petitioners overpaid their 1936 tax to the extent it was imposed in respect of one-third of the ordinary income of the Nancy Carroll Draper trust.

*Decision will be entered under Rule 50.*