CHARLOTTE B. OGLE, Plaintiff, *v.* ALFRED M. OGLE, Defendant.

Supreme Court, Special Term New York County, January 2, 1941.

*Wellman, Smyth & Lowenstein* [*Herbert C. Smyth* and *George Natanson* of counsel], for the plaintiff.

*Hughes, Richards, Hubbard & Ewing* [*Charles C. Tillinghast, Jr.,* of counsel], for the defendant.

WALTER, J. A decree of an Indiana court, entered in 1925 after due acquisition of personal jurisdiction, granted plaintiff a divorce from defendant and awarded to her the custody of the five children of their marriage. It also directed defendant to pay plaintiff $75,000 as alimony, $40,000 to be paid upon the entry of the decree and the balance in installments of $5,000 each on January 1, 1933 to 1939. In a separate paragraph the decree directed defendant to pay to plaintiff " for the maintenance and support of said children " $5,000 for the year 1926 and $8.000 for each year thereafter until the youngest child attained the age of twenty-one years, all such payments to be made in equal monthly installments on the first day of each month commencing in 1926. Plaintiff now brings this action upon that decree, alleging that nothing has been paid thereunder except $40,000, that the youngest child became of age in August, 1940, and that $148,666.67 remains

due. The relief demanded is a money judgment for that amount. Defendant moves to strike from the complaint so much thereof as refers to the direction to make payments for the maintenance and support of the children, or, in the alternative, to compel plaintiff to state and number as separate causes of action the part of the complaint which refers to such direction as to the children and the part which refers to the direction to make payments to the plaintiff. His contention is that as to the alimony the cause of action is vested in the plaintiff in her own right, while as to the payments for the children she can sue only derivatively or by subrogation to their rights; that facts essential to a cause of action in the right of the children are not pleaded; that reference to that part of the decree which directs payments for their benefit is hence irrelevant to a cause of action in favor of plaintiff personally. I think the contention is unsound.

Where there is no decree fixing the father's obligation to support his child, any third person who attempts to enforce such obligation necessarily must show that he or she in fact has supplied necessaries to the child and supplied them under circumstances showing an expectation of reimbursement (*Laumeier* v. *Laumeier*, 237 N. Y. 357; *Morris* v. *Birmingham*, 142 Misc. 628; *Taffit* v. *Taffit*, 162 id. 759), and that is true also where there is a decree which adjudges the obligation but does not fix its amount (*Swanton* v. *Curley*, 273 N. Y. 325), and perhaps also where there is a decree which fixes the amount but does not specify to whom the payment is to be made. (*Matter of Schnirman*, 167 Misc. 809, 811, 815.) Here, however, there is a decree which not only adjudges the obligation but also fixes the amount thereof and names the person to whom the amount so fixed is to be paid. Such a decree is a debt of record, a specialty, with the plaintiff as the named payee or obligee, and it also is a judgment to which full faith and credit must be given, with respect to the payments directed to be made for the support of the children (*Yarborough* v. *Yarborough*, 290 U. S. 202) as well as with respect to the alimony for the wife. (*Sistare* v. *Sistare*, 218 U. S. 1.) The action here is upon that judgment, and not upon the claims or obligations upon which the judgment itself is founded (See *Milwaukee County* v. *White Co.*, 296 U. S. 268, 275, 278), and it cannot be said that different causes of action are involved when a single payee or obligee undertakes to recover from a single payor or obligor all the several sums directed to be paid by a single instrument or decree. Neither can it be said that a reference to one of the sums so directed to be paid is irrelevant to the complaint in an action to recover all.

To accede to defendant's contention that, in order to recover **the sums** which the decree directs to be paid for the support of the

children, the plaintiff must allege and prove that she herself has furnished such support and has furnished it in expectation of reimbursement, would in effect deny the faith and credit to which the decree is constitutionally entitled by in effect compelling her to abandon that part of the decree as the basis of a cause of action and go back to and rely upon the pre-existing obligation of support upon which the decree itself is founded. (See *Milwaukee County* v. *White Co., supra.*)

It may be that defendant can show that the decree has ceased to be obligatory, in whole or in part, because of payment or other discharge (*Milwaukee County* v. *White Co., supra,* p. 275; *Smith* v. *Smith,* 255 App. Div. 652, 656–658; *Silkworth* v. *Silkworth,* Id. 226), but that question is not before me and I express no opinion upon it. (Cf. *Gewirtz* v. *Gewirtz,* 189 App. Div. 483.) The fact, if it be a fact, that defendant has a partial defense, or that different facts may be determinative of the scope and extent of plaintiff's recovery, does not make separate causes of action.

The motion is accordingly denied.